ORIGINAL

FILED
JUN 30 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

05-708C

| | | |
|---|---|---|
| BLUE LAKE FOREST PRODUCTS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-570C (Judge Williams) |
| TIMBER PRODUCTS COMPANY, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 01-627C (Judge Williams) |
| CLR TIMBER HOLDINGS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 04-501C (Judge Williams) |

**NOTICE OF INDIRECTLY-RELATED CASE**

Pursuant to RCFC 40.2(b), notice is hereby given that an Indirectly-Related case is presently before the Court. Scott Timber Co. v. United States, No. ______ (filed June 30, 2005), presents common issues of fact and law with the above-captioned consolidated matter, such that

assignment of the Scott Timber case to Judge Williams and consolidation of these matters or adoption of a common discovery schedule would significantly promote the efficient administration of justice.[1]

The Scott Timber case and the consolidated Blue Lake case involve allegations that the United States Forest Service wrongfully suspended and delayed timber sales on national forests within the area governed by the Northwest Forest Plan. The Forest Service's suspensions of each of these sales occurred as a result of an injunction issued by the United States District Court for the Western District of Washington in Oregon Natural Resources Council Action v. United States Forest Service, 59 F. Supp.2d 1085 (W.D. Wash. 1999) ("ONRC Action"). All of the timber sale contracts at issue in these cases are on the same Forest Service standard 2400-6(T) type form and involve identical or virtually identical standard contract clauses. Also, the key issue of Forest Service liability is identical in all of the cases. Although there are some differences in the elements of damages among these cases, there are many common types of damages alleged, involving the same legal theories. Additionally, Blue Lake, Timber Products, CLR and Scott Timber are all represented by the same undersigned counsel of record.

The common legal issues in each of these Indirectly-Related cases include (1) whether the Forest Service breached its implied duties to cooperate and not to hinder the contractor's

[1]On January 31, 2005, Swanson Group filed Swanson Group, Inc. v. United States, No. 05-179C (Judge Hewitt). Pursuant to RCFC 40.2(b), Swanson Group filed a Notice of Indirectly-Related Cases in this case to notify the Court of the common facts and legal issues involved in the Blue Lake consolidated cases and the Swanson Group case. Thereafter, on May 6, 2005, Swanson Group filed a motion to transfer and consolidate its case with the consolidated Blue Lake cases. The government opposed the motion and on June 13, 2005, Judge Hewitt denied the motion.

performance, (2) whether the Forest Service breached clause C(T)6.25 warranties under the contract, (3) whether the Forest Service breached the contract by suspending contract performance without proper authority and for an unreasonable amount of time, and (4) whether the Forest Service failed to compensate the contractor as required under clause C(T)6.01 of the contract.

The government has filed answers to the complaints in the consolidated Blue Lake cases and discovery has begun. However, almost all of the discovery initiated in the consolidated Blue Lake cases also applies directly to the key issue of Forest Service liability in the Scott Timber case and will not have to be repeated for that case.

Whether the consolidated Blue Lake cases and the Scott Timber case are resolved on cross-motions for summary judgment or go to trial, the evidence in these cases will overlap substantially and involve many of the same events, witnesses and documents. In all of these cases the key issue of government liability focuses on the Forest Service's interpretation of certain of the wildlife and plant survey requirements mandated by the Northwest Forest Plan. The primary question in this regard is whether the Forest Service violated its implied duties to cooperate and not to hinder each plaintiff's contract performance by suspending each sale in order to perform these surveys. In ONRC Action the district court determined that the Northwest Forest Plan obviously required these surveys, that the Forest Service's failure to perform these surveys prior to contract award was arbitrary, capricious and contrary to law, and the Forest Service was enjoined from proceeding with the timber sales until the surveys were performed. 59 F. Supp.2d at 1091-95, 1096-97. In order to maximize judicial economy, avoid duplicate

proceedings involving the same facts, documents and witnesses and avoid the possibility of conflicting adjudications, all of these cases should be tried before a single judge.

Assignment of the Scott Timber case for consolidation or coordinated discovery scheduling with the consolidated Blue Lake cases will not delay the adjudication of any of these cases. Although the Blue Lake and Timber Products cases were filed in 2001, extensive efforts by the parties to resolve those cases through the Court's Alternative Dispute Resolution process effectively stayed progress in these cases for many months. Despite these efforts, the parties were unable to reach a settlement of either case.

Thereafter, a series of significant discovery disputes have occupied the parties and the Court in the consolidated Blue Lake cases. During the past 18 months discovery including answers to interrogatories and the production of documents by defendant has progressed slowly or remained suspended pending resolution of the propriety of defendant's various objections regarding relevance and assertions of privilege pertaining to the Forest Service's controversial interpretation of the Northwest Forest Plan. As a result, although some significant discovery has been completed, other discovery, including document production, remains to be accomplished. The parties have briefed the discovery issues extensively and argued them before Judge Williams who has now issued key rulings and is currently in the process of ruling on the remaining discovery disputes after multiple hearings. These discovery disputes will not have to be relitigated in the Scott Timber case if that case is assigned to Judge Williams.

Further, the CLR case was filed in 2004 and was consolidated with the Blue Lake and Timber Products cases with the mutual consent of both parties. Accordingly, the assignment and possible consolidation of the Scott Timber case with the consolidated Blue Lake cases will not delay adjudication of the Blue Lake cases in any material respect, and the rulings on defendant's objections to discovery and privilege claims in the consolidated Blue Lake cases will simplify and expedite any discovery specific to the Scott Timber case.

Assigning the instant Scott Timber case to Judge Williams for adjudication with the consolidated Blue Lake cases will promote judicial efficiency and ensure consistent application of the law because of the substantial overlap in common issues of fact and law among all four cases. See, e.g., Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (a primary objective of consolidation is to prevent separate actions from producing conflicting results, which can occur when cases require judicial determinations of the same facts).

Respectfully submitted,

Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiffs

OF COUNSEL:

Alan I. Saltman
William M. Jack
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 30, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June 2005, I served via first class mail, postage prepaid, a copy of the foregoing **NOTICE OF INDIRECTLY-RELATED CASES** on Richard P. Schroeder, Esq., attorney for defendant, United States of America, United States Department of Justice, Commercial Litigation Branch, Civil Division, Attn: Classification Unit, 1100 L Street, N.W., 8th Floor, Washington, D.C. 20530.

Beverly J. Rector

Beverly J. Rector