IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-708C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 that the "Whitebird, Jigsaw, and Pigout contracts contain Clause CT6.01, Interruption Or Delay of Operations (10/96)" to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise

denies all other allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 7.

8. The allegations contained in the first sentence of paragraph 8 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 8.

9. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 that Scott anticipated that some of the timber from the Whitebird, Jisgaw and Pigout contracts would be sold on the open market. Denies the allegation that the Forest Service anticipated that some of the timber from those sales would also be sold on the open market.

12. Admits the allegation that Scott did not begin harvesting on these sales prior to August 2, 1999. Admits the remaining allegations contained in paragraph 12 to the extent supported by the district court decision cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the

district court injunction cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 13.

14. Admits the allegation that the Forest Service advised Scott that it would not approve any plan of operations for the Whitebird, Pigout and Jigsaw sales while the injunction remained in force. Denies the remaining allegations contained in paragraph 14.

15. Admits the allegation that Scott did not begin harvesting on the Whitebird, Pigout and Jigsaw sales; denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the stipulation and joint order for dismissal cited, which are the best evidence of their contents. Admits the allegations contained in footnote 1 to paragraph 16. Denies all other allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the stipulation and joint order for dismissal cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the stipulation and joint order for dismissal cited, which are the best evidence of their contents; otherwise denies all other allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the second and third sentences of paragraph 18.

19. Admits.

20. Admits.

21. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 21. The allegations contained in the last sentence of paragraph 21 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Admits the allegation contained in paragraph 22 that plaintiff submitted three letters to the contracting officer on November 9, 2004. The allegations that the letters were submitted pursuant to the Contract Disputes Act, or that they were "properly certified" claims, is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

23. Admits the allegation contained in paragraph 23 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies all other allegations contained in the first sentence of paragraph 23.

24. Defendant's responses to paragraphs 1 through 23 are incorporated by reference.

25. Admits.

26. Admits the allegation contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the first sentence of paragraph 26.

27. Admits the allegation contained in the first sentence of paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the first sentence of paragraph 27. Denies the allegations contained in the second sentence of paragraph 27 that the contract was "extended." Aver that the contract term was adjusted pursuant to contract clause BT8.21.

28. Admits the allegations contained in the first and second sentences of paragraph 28. Admits the allegation contained in the last sentence of paragraph 28 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the last sentence of paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in the first, third and fourth sentences of paragraph 31 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 30.

31. The allegations contained in paragraph 31 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in first and third sentences of paragraph 33 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 33.

34. Denies.

35. Denies.

36. Admits the allegations contained in the first sentence of paragraph 36. Denies the allegations contained in the second and third sentences of paragraph 36. Admits the allegations contained in the fourth sentence of paragraph 36 to the extent it is supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the fourth sentence of paragraph 36. Denies the allegations contained in the last sentence of paragraph 36.

37. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 37. Denies the allegations contained in the third sentence of paragraph 37. The allegations contained in the last sentence of paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 38. Denies the allegation contained in the last sentence of paragraph 38.

39. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Denies.

41. Defendant's responses to paragraphs 1 through 23 are incorporated by reference.

42. Admits.

43. Admits the allegations contained in paragraph 43 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 43.

44. Admits the allegations contained in the first sentence of paragraph 44 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the first sentence of paragraph 44. Denies the allegations contained in the second sentence of paragraph 44 that the contract was "extended." Aver that the contract term was adjusted pursuant to contract clause BT8.21.

45. Admits.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in the first, third and fourth sentences of paragraph 47 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 47.

48. The allegations contained in paragraph 48 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in the first sentence of paragraph 49 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

50. Denies.

51. Denies.

52. Denies.

53. Admits the allegations contained in the first sentence of paragraph 53. Denies the allegations contained in the second and third sentences of paragraph 53. Admits the allegations contained in the fourth sentence of paragraph 53 to the extent it is supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the fourth sentence of paragraph 70. Denies the allegations contained in the last sentence of paragraph 70.

54. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 54. Denies the allegations contained in the third and fourth sentences of paragraph 54.

55. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. Denies.

58. Defendant's responses to paragraphs 1 through 23 are incorporated by reference.

59. Admits.

60. Admits the allegations contained in paragraph 60 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 60.

61. Admits the allegations contained in the first sentence of paragraph 61 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the first sentence of paragraph 61. Denies the allegations contained in the second sentence of paragraph 61 that the contract was "extended." Aver that the contract term was adjusted pursuant to contract clause BT8.21.

62. Admits.

63. The allegations contained in paragraph 63 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

67. Denies

68. Denies.

69. Denies.

70. Admits the allegations contained in the first sentence of paragraph 70. Denies the

allegations contained in the second and third sentences of paragraph 70. Admits the allegations contained in the fourth sentence of paragraph 70 to the extent it is supported by the letter cited; otherwise denies all other allegations contained in the fourth sentence of paragraph 70. Denies the allegations contained in the last sentence of paragraph 70.

71. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 71. Denies the allegations contained in the third and fourth sentences of paragraph 71.

72. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72. Denies the allegation contained in the second sentence of paragraph 72.

73. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. Denies.

75. Denies that plaintiff is entitled to the relief requested under the title "WHEREFORE" in its entirety or to any relief whatsoever.

76. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENDANT'S AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred by the affirmative defense of assumption of risk.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial
Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MARCUS WAH
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Ave
Portland, OR 97204-2825

December 2, 2005