**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SCOTT TIMBER COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-708C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# JOINT STATUS REPORT

Pursuant to this Court's order, dated March 22, 2006, the parties submit the following Status Report proposing a schedule by which to complete discovery, including a stipulation of the parties regarding the use of deposition transcripts and documents obtained in discovery by plaintiffs in Blue Lake Forest Products, Inc., et al. v. United States, No. 01-570C.

As indicated during the status conference on March 22, 2006, the parties have lost approximately 60 days of discovery time in the instant case because of the unanticipated illness of plaintiff's counsel of record which required hospitalization and home convalescence for virtually all of February and March 2006. Accordingly, the parties propose the following schedule by which to complete discovery[1]:

1. Fact discovery on liability to be completed by September 5, 2006.

2. Expert reports, if any, to be exchanged by the parties on or before October 3, 2006.

[1] Defendant notes that current counsel for the Government will cease employment with the Department of Justice ("DOJ") on April 7, 2006, at which time this case will be reassigned to another attorney. While we do not, at this time, anticipate a need to extend the proposed schedule, it may later become apparent, once the case has been reassigned, that such an extension is necessary.

3. Rebuttal expert reports, if any, to be exchanged by the parties on or before October 24, 2006.

4. Depositions of expert witness to be completed by November 15, 2006.

In addition, pursuant to the Court's request made during the status conference held on March 22, 2006, the parties, through their counsel of record, stipulate that all of the deposition transcripts and documents obtained by the plaintiffs in discovery in the Blue Lake Forest Products, Inc., et al. v. United States may be used by the parties in the instant action as if those depositions had been taken in the instant action and as if those documents had been obtained by discovery in the instant action, subject to any evidentiary objections which either party may raise, which would have been available had those depositions been taken in the instant action or had those documents been obtained through discovery in the instant action.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
MARCUS R. WAH
Associate Regional Attorney
USDA-OGC, Pacific Region

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

April 7, 2006

Attorneys for Defendant