**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SCOTT TIMBER CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 05-708C |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION TO AMEND THE COURT'S**
**SCHEDULING ORDER OF JULY 5, 2006**

On July 5, 2006, the Court amended the pre-trial schedule in this action to provide for the following dates:

| Event | Deadline |
|---|---|
| Fact Discovery on Liability | September 29, 2006 |
| Exchange of Expert Reports | October 20, 2006 |
| Exchange of Rebuttal Expert Reports | November 6, 2006 |
| Deposition of Expert Witnesses | November 21, 2006 |

The parties are requested to file a Joint Status Report on or before December 1, 2006.

For the reasons set forth more fully below, the parties request that the Court amend its July 5, 2006 scheduling order to provide as follows:

| Event | Deadline |
|---|---|
| Fact Discovery on Liability | January 11, 2007 |
| Exchange of Expert Reports | February 15, 2007 |
| Exchange of Rebuttal Expert Reports | March 14, 2007 |
| Deposition of Expert Witnesses | April 18, 2007 |

The parties are requested to file a Joint Status Report on or before May 1, 2007.

Since the Court's scheduling order of July 5, 2006, the parties have engaged in intensive written discovery and exchange of documents in this case which involves a consolidation of multiple breaches of contract claims involving three Forest Service timber sales. Defendant has responded to plaintiff's first set of interrogatories and provided plaintiff with several thousand pages of documents in response to plaintiff's first request for production of documents. Plaintiff is currently reviewing defendant's interrogatory responses and document production for completeness and has some concerns to resolve with defendant; otherwise, a motion to compel will be required. On August 17, 2006, defendant served its first set of interrogatories and first request for production of documents. Plaintiff has served its response to these discovery requests on defendant and is in the process of making several thousand pages of documents available for defendant's inspection and copying. Both parties anticipate scheduling depositions for fact and expert witnesses in connection with the trial on liability, but the parties need to complete their analyses of the documents produced by the other party before doing so. The volume of responsive documents and potential witnesses involved in discovery has substantially exceeded the amounts initially anticipated by both parties.

In addition, plaintiff's counsel of record spent nearly the entire months of July and August taking depositions required under Court ordered discovery deadlines in Ralph Franklin & Son Logging v. United States, Civil Action No. 04-1679C, and Trinity River Lumber Co. v. United States, Civil Action No. 02-943C. In addition, during the same months plaintiff's counsel prepared and filed an opposition to defendant's cross-motions for summary judgment and a response to defendant's motion to sever in Swanson Group, Inc. v. United States, Civil Action No. 05-170C.

Further, plaintiff's counsel of record is counsel of record in the following cases with the following discovery deadlines: Swanson Group, Inc. v. United States, Civil Action No. 05-170C consolidated with Civil Action No. 05-171C (discovery to be completed on or before October 6, 2006); Swanson Group, Inc. v. United States, Civil Action No. 05-179C (discovery on liability and damages to be completed on October 31, 2006); and Zip-O-Log Mills, Inc. v. United States, Civil Action No. 04-1123C (discovery to be completed by October 6, 2006). Also, plaintiff's counsel of record in this case is currently in the process of preparing pre-trial submissions under Appendix A and pursuant to the Court's scheduling order in Ralph Franklin & Son Logging v. United States, Civil Action. No. 04-1679C, with multiple due dates regarding memoranda of points and authorities, final exhibits and witness lists, joint stipulation of facts and motions in limine, all to be completed by January 12, 2007 with a two-week trial scheduled to commence on February 4, 2007. As a practical matter, the overlapping and concurrent deadlines in all of these cases will make it extremely difficult for plaintiff's counsel to complete the pre-trial requirements in this case on any schedule tighter than that proposed above.

Although plaintiff's counsel is seeking and may receive some extensions of time for some of these deadlines (with the exception of the Ralph Franklin & Son Logging case which is on a firm trial schedule), plaintiff's counsel anticipates that any time extensions granted will not significantly impact plaintiff's and defendant's need for additional time to complete discovery in this case where both parties agree that a significant number of depositions will be necessary on both sides before a need for experts can be completely assessed and expert reports prepared.

Defendant's counsel of record, in addition to producing over 14,000 pages of documents in response to plaintiff's discovery requests in the instant case, is also Government counsel in Swanson Group, Inc. v. United States, Civil Action No. 05-170C consolidated with Civil Action No. 05-171 in which she filed a motion to dismiss, a cross motion for summary judgment and a motion to sever, all of which were heard at an oral argument held on September 8, 2006. She is also defendant's counsel in Swanson Group, Inc. v. United States, Civil Action No. 05-179C where she has been involved in producing voluminous documents in response to discovery requests, and has been attempting to resolve issues regarding the sufficiency of the responses raised by plaintiff's counsel.

Additionally, defendant's counsel has been involved in a bid protest case, Pacific Helicopter Tours, Inc. v. United States, Civil Action 06-613C, in which she recently produced an administrative record, and where the briefing schedule will occupy the majority of the month of October. Furthermore, she will be required to take depositions in a contract dispute, Grot, Inc. v. United States, Civil Action 03-1951C, where discovery closes on October 30, 2006.

For each of the foregoing reasons, the parties request that the Court's scheduling order of July 5, 2006 be amended as indicated above. If for any reason the Court is inclined not to grant this motion or is inclined to require a different schedule for the completion of pre-trial activities, the parties respectfully request a status conference.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140
(202) 775-8217 – facsimile

Counsel for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
JAMES ALEXANDER
Associate Regional Attorney
USDA-OGC, Pacific Region

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 616-0341
Fax: (202) 514-8624

Dated: September 28, 2006

Counsel for Defendant