IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SCOTT TIMBER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-708C<br>(Judge Lettow) |

**PLAINTIFF'S MOTION FOR AN ORDER ADMITTING CERTAIN DEPOSITION TRANSCRIPTS, ACCOMPANYING DEPOSITION EXHIBITS AND ANSWERS TO INTERROGATORIES AS PARTY ADMISSIONS**

Plaintiff Scott Timber Company ("Scott") moves for an order admitting into evidence for use at trial (1) designated excerpts of the deposition transcripts of two current government employees, Susan Zike (Attachment 1) and Edward Boling (Attachment 2);[1] (2) deposition exhibits about which Ms. Zike and Mr. Boling testified (Attachment 3);[2] and (3) the government's answers to Scott's Interrogatory Nos. 2-4, 6-8, 11-13, 15 and 19-21 and the government's index to its response to Scott's Request for Production of Documents No. 1

[1]Ms. Zike's deposition was taken in the instant case and in Blue Lake Forest Products, Inc., et. al v. United States, CoFC Nos. 01-570, 01-627, 04-501, and Mr. Boling's deposition was taken in Blue Lake. Pursuant to a stipulation of the parties and order of the Court, all deposition transcripts and documents obtained by the Blue Lake plaintiffs in discovery in that case may be used by the parties in the instant action as if those depositions had been taken in the instant action and as if those documents had been obtained by discovery in the instant action. (Joint Status Report, Docket No. 17, Apr. 7, 2006; Order, Docket No. 18, Apr. 12, 2006.) Ms. Zike's transcript excerpts have been previously identified on Scott's trial exhibit list as proposed trial exhibit nos. 173-75. Mr. Boling's transcript excerpts have been similarly identified as Scott's proposed trial exhibit no. 176.

[2]These exhibits have been previously identified on Scott's trial exhibit list as proposed trial exhibit nos. 49, 51, 53, 59, 65, 75, 82, 86, 90, 91, 95, 96, 101, 119, 121, 128, 129, 141, 142 and 146.

(Scott's proposed trial exhibit no. 172; Attachment 4). As demonstrated below, each of these proposed trial exhibits qualifies as an admission by party opponent under Federal Rule of Evidence ("FRE") 801(d).

## I. The Designated Excerpts From The Deposition Transcripts Of The Government's Employees Are Admissions By A Party Opponent Under FRE 801(d)

Deposition transcript excerpts that constitute admissions of a party opponent are admissible at trial as substantive evidence. Here, the excerpts from the depositions of the two deponents Scott seeks to use at trial, Susan Zike and Edward Boling, constitute admissions by a party opponent because both Ms. Zike and Mr. Boling are currently employees of the United States and were so at the time of their depositions, and the portions of their testimony Scott has designated for use at trial concern matters that were clearly within the scope of their employment at the time the relevant events occurred. Accordingly, their deposition transcript excerpts are not hearsay and are admissible as substantive evidence pursuant to the Rules of this Court and the FRE.

At trial, "any deposition may be used by any party . . . for any other purpose permitted by the Federal Rules of Evidence." RCFC 32(a)(1). FRE 801(d)(2) provides that a "statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Therefore, transcripts of depositions that constitute admissions by a party opponent under the FRE may be used at trial for any purpose, including as substantive evidence. Globe Sav. Bank, FSB v. United States, 61 Fed. Cl. 91, 957 (2004) (stating that the

logic of receiving as substantive evidence admissions by a party extends to where the admission is contained in a deposition).

A party seeking to introduce a deposition transcript excerpt under FRE 801(d) does not need to show that the deponent is unavailable as a witness at trial. Long Island Sav. Bank, FSB v. United States, 63 Fed. Cl. 157, 163-64 (2004). The availability of a declarant is only material when a party seeks to introduce a statement under one of the hearsay exceptions, some of which require that the declarant be unavailable to testify at trial. Compare FRE 803 (exceptions where availability immaterial) with FRE 804 (exceptions where unavailability a necessary condition). However, as explained above, "[s]tatements denominated as 'admissions by a party opponent' are not contained in either of the foregoing groups of exceptions to the hearsay rule. That is because 'admissions are outside the framework of hearsay exceptions, classed as nonhearsay, and excluded from the hearsay rule. . . .'" Globe Sav., 61 Fed. Cl. at 94 (quoting 2 Charles McCormick, MCCORMICK ON EVIDENCE, § 254, at 137 (5th ed. 1999)). Accordingly, "unavailability is not required of admissions." Id. at 95 (citations omitted).

Courts "accord[] generous treatment" in their determinations of whether a statement is admissible as an admission by party opponent. Id. at 96-97 (citation omitted). To be admissible under FRE801(d)(2)(D), a statement must satisfy three requirements. First, it must be offered against a party. Id. at 97; FRE 801(d)(2). Second, the statement must concern a matter within the scope of the declarant's agency or employment. Globe Sav., 61 Fed. Cl. at 97; FRE 801(d)(2)(D). The statement does not need to be against the opposing party's interest. Globe Sav., 61 Fed. Cl. at 97 (citation omitted). Rather, "the only requirement is that the subject matter

of the admission match the subject matter of the employee's job description" at the time the events discussed in the statement occurred. Id.; Long Island Sav., 63 Fed. Cl. at 164. Third, the deposition testimony must have occurred during the existence of the agency or employment relationship. Globe Sav., 61 Fed. Cl. at 97; FRE 801(d)(2)(D). It is not required that, at the time the statements were made, the declarant was working in the same position as the one he or she occupied at the time the subject matter of his or her statement occurred. Globe Sav., 61 Fed. Cl. at 97. Thus, for a federal government employee, all that is required is that the declarant was employed by the United States in some capacity. For example, in Globe Savings, the court allowed the plaintiff to use a deposition transcript of a current federal government employee as a party admission even though the agency he was employed by during the time in which the subject matter of his statements occurred no longer existed. Id.

Here, the deposition transcripts of Susan Zike and Edward Boling satisfy the three requirements of FRE 801(d)(2)(D) as admissions by a party opponent.

First, Scott intends to offer both depositions against the defendant United States, a party to the instant action.

Second, the statements contained in the depositions concern matters easily within the scope of Ms. Zike's and Mr. Boling's employment with the United States. Ms. Zike's deposition testimony concerns events occurring while she was employed by the Forest Service as Litigation Coordinator for Forest Service Region 6 (the position she still holds today). Ms. Zike's statements concern the Forest Service's receipt of lists of "at-risk" or "problem" sales from the

ONRC Action plaintiffs, the Forest Service's evaluation of these "at-risk" timber sales prior to contract award to determine their likelihood of being enjoined, the Forest Service's communications with the Department of Justice ("DOJ") regarding these and related issues, and other matters and documents relating to how the Forest Service handled the Oregon Natural Resources Council Action v. United States Forest Service ("ONRC Action"), 59 F. Supp. 2d 1085 (W.D. Wash. 1999) litigation within Region 6. See Attachment 1. All of these subjects were plainly within the scope of Ms. Zike's duties as Forest Service Litigation Coordinator for the ONRC Action litigation.

Like Ms. Zike, Mr. Boling's deposition testimony also concerns the government's handling of the ONRC Action litigation. At the time the events Mr. Boling discusses in his deposition occurred, Mr. Boling was employed by the Department of Justice as the lead trial counsel for the United States in the ONRC Action litigation. In his deposition, Mr. Boling discusses his assessment of the legal viability of the Forest Service's definition, "NEPA decision equals implementation," which was a subject of the ONRC Action litigation; his communications with his superiors in the DOJ and members of the Forest Service involved in the ONRC Action litigation; his communications with the ONRC Action plaintiffs regarding their lists of "at-risk" timber sales sent to the government; the government's agreement to delay award of the "at-risk" sales to prevent a motion for a preliminary injunction by the ONRC Action plaintiffs; the settlement of the ONRC Action litigation; and documents relating to these events. See Attachment 2. All of these topics are squarely within the subject matter of Mr. Boling's job description as lead counsel for the government in that litigation.

Third, the depositions of Ms. Zike and Mr. Boling were taken during the existence of their employment with the United States. At the times of her depositions on January 4, 2007 and August 20-21, 2007, Ms. Zike was still employed as the Litigation Coordinator for Region 6 of the Forest Service by the United States Department of Agriculture. At the time of Mr. Boling's deposition on August 24, 2007, he was employed as Deputy General Counsel of the Council on Environmental Quality, an agency within the Executive Office of the President of the United States. As discussed above, it is immaterial that Mr. Boling changed positions from the time the events discussed in his deposition occurred. See Globe Sav., 61 Fed. Cl. at 97. All that FRE 801(d)(2)(D) requires in these circumstances is that Mr. Boling was employed at both times by the United States. Long Island Sav., 63 Fed. Cl. at 164-65.

The portions of the deposition transcripts of Ms. Zike and Mr. Boling that Scott has designated are statements by a party opponent under FRE 801(d)(2)(D) because they are statements made by employees of the United States concerning matters within the scope of their employment and are now being offered against defendant the United States. Accordingly, under this Court's Rules and the FRE, Scott is allowed to use these transcripts as substantive evidence at trial.

## II. The Government's Answers To Interrogatories Are Admissions By A Party Opponent That May Be Used As Substantive Evidence At Trial

The government's answers to Scott's interrogatories propounded in discovery in this case are admissible as admissions by a party opponent. The Rules of this Court provide that "the answers [to interrogatories] may be used to the extent permitted by the rules of evidence."

RCFC 33(c). FRE 801(d)(2) provides that a statement constitutes an admission by party opponent and therefore is not hearsay if the statement is (1) offered against a party and (2) the party's own statement or one made by a person authorized by the party to make a statement concerning the subject. A party's answers to the interrogatories propounded to it by the opposing party in an action satisfy the requirements of FRE 801(d)(2) as an admission by party opponent. See, e.g., Victory Carriers, Inc. v. Stockton Stevedoring Co., 388 F.2d 955, 958-59 (9th Cir. 1968). Moreover, "the fact that an admission contained in an answer to an interrogatory was prepared by a party's attorney rather than the party does not weaken the impact of the admission." 10A FEDERAL PROCEDURE, LAWYERS EDITION § 26:592 (West 2008); Victory Carriers, 388 F.2d at 958-59.

The government's answers to Scott's interrogatories and its index to the documents it produced in response to Scott's document request contained within its interrogatories satisfy the two requirements as admissions by a party opponent under FRE 801(d)(2). First, Scott is offering them against defendant the United States. Second, Scott directed its interrogatories and document requests to and they were replied to by the United States. See Attachments 3 and 4. Thus, the government's replies constitute non-hearsay admissions by a party opponent. Accordingly, under both this Court's Rules and the FRE, Scott is allowed to use the government's answers to Scott's interrogatories and the government's index to its reply to Scott's request for production of documents as substantive evidence at trial.

**III. The Evidence Is Relevant To The Arguments Scott Intends To Present At Trial**

The deposition transcripts, accompanying deposition exhibits and defendant's answers to Scott's interrogatories and request for production of documents that are the subject of this motion are relevant to the questions to be presented at trial. Many of the deposition exhibits relate to, inter alia, the liability of the Forest Service to Scott for failing to disclose its superior knowledge that (a) the timber sales were on ONRC Action's "at-risk" lists and (b) the Forest Service had secret agreements with ONRC Action regarding the award of Scott's contracts, and because the Forest Service misrepresented to Scott that the sales were not threatened by the ONRC Action litigation. (See Pl.'s Mem. Contentions of Fact and Law at 2, 24-27.) These exhibits include those identified and attached as Scott's proposed trial exhibit nos. 49, 51, 53, 59, 65, 75, 96, 101, 129, 141, and 142. Other evidence relevant to this point include Ms. Zike's and Mr. Boling's deposition testimony surrounding these exhibits, which, as discussed supra, relates to matters within the scope of their duties as Litigation Coordinator and lead trial counsel for the government, respectively, during the pendency of ONRC Action and the award of Scott's timber sales. Finally, the government's answers to Scott's interrogatory nos. 12, 13 and 21 and the government's index to its document production, which states what documents produced are responsive to those interrogatories, are also relevant at a minimum to Scott's superior knowledge claim and to any issue of authentication.

The other evidence discussed herein is relevant to, inter alia, the liability of the Forest Service to Scott for breaching its duties to cooperate and not to hinder by suspending Scott's sales because the Forest Service unreasonably failed to conduct Category 2 surveys on those sales prior to contract award. (See Pl.'s Mem. Contentions of Fact and Law at 2, 27-44.) This

evidence includes the testimony of Ms. Zike and Mr. Boling relating to this issue and the deposition exhibits accompanying that testimony, identified and attached as Scott's proposed trial exhibit nos. 82, 86, 90, 91, 95, 119, 121, 128, and 146. Other evidence relevant to this point includes the government's answers to Scott's Interrogatory Nos. 2-4, 6-8, 11, 15, and 19-21, and the government's index to its document production, which states what documents produced are responsive to those interrogatories.

Each document and deposition transcript excerpt identified is relevant to one or more issues presented in this case. Moreover, all of the documents and transcripts are government documents produced by the government either in this case or in Blue Lake, or are transcripts of sworn testimony. Thus, the authenticity of this evidence is apparent on its face. Given the straightforward content of these documentary and deposition admissions and that defendant may address them at trial and in response to this motion, much trial time will be saved if the Court orders this evidence admitted now rather than waiting for trial.

## IV. Conclusion

For the foregoing reasons, Scott respectfully requests that the Court issue an order admitting into evidence the designated portions of deposition transcripts of government employees Susan Zike and Edward Boling; the deposition exhibits that are the subject of their deposition testimony, identified as plaintiff's proposed trial exhibit nos. 49, 51, 53, 59, 65, 75, 82, 86, 90, 91, 96, 101, 119, 121, 128, 129, 141, 142 and 146; and the government's answers to Scott's Interrogatory Nos. 2, 3, 4, 6, 7, 8, 11, 12, 13, 15, 19, 20 and 21, and the government's

index to its reply to Scott's Request for Production of Documents No. 1 (Scott's proposed trial exhibit no. 172).

Respectfully submitted,

s/Gary G. Stevens
GARY G. STEVENS
Saltman & Stevens P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
Phone: (202) 452-2140
Fax: (202) 775-8217

Attorney for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: May 16, 2008