**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SCOTT TIMBER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-708C<br>(Judge Lettow) |

**PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING TRIAL SUBPOENAS FOR WITNESSES WHO RESIDE MORE THAN 100 MILES FROM THE PLACE OF TESTIMONY AND FOR EXPEDITED TREATMENT OF THIS MOTION**

Pursuant to Rule 45 of the Rules of the Court of Federal Claims, plaintiff moves for an order authorizing subpoenas for witnesses who reside more than 100 miles from the two locations for the trial in this matter; namely, the Court of Federal Claims in Washington, D.C. and the United States Bankruptcy Court in Portland, Oregon. Plaintiff also requests expedited treatment of this motion because plaintiff's counsel learned only today from defendant's counsel that defendant would oppose this motion despite the fact that many of plaintiff's witnesses who reside more than 100 miles away from the location of trial are also on defendant's trial witness list, and that the Court indicated to the parties during the pre-trial conference on March 14, 2008 that if subpoenas were required for witnesses who reside more than 100 miles from the place of trial, the Court would issue orders for such subpoenas expeditiously. This was in recognition of the fact that both parties informed the Court that many of the witnesses in this matter were retired and reside in various locations more than 100 miles from the two locations of trial.

Nevertheless, the parties represented to the Court that these two locations were the least inconvenient locations for all of the witnesses. Accordingly, plaintiff's request that defendant be ordered to file its response to this motion on or before June 11, 2008 and plaintiff be ordered to file its reply no later than June 13, 2008. This request is necessary in order that subpoenas authorized by the Court may be served as soon as possible and preferably prior to the pre-trial conference scheduled for June 20, 2008, at which time motions to quash, if any, can be resolved. Defendant's counsel has agreed to accept service for all of the witnesses for whom plaintiff seeks authorization for a subpoena in this matter.

For the portion of the trial to take place at the Court of Federal Claims in Washington, D.C., plaintiff seeks subpoenas for the following witnesses: Michael Gippert (resides in Florida), Richard Holthausen (resides in Arizona), and Paul Brouha (resides in Vermont). For the Portland, Oregon segment of the trial (July 7-18, 2008), plaintiff requests subpoenas for the following witnesses: Thomas Hussey (resides in Oregon), Neal Forrester (resides in Oregon), Brenda Woodard (resides in Oregon), Steve Nelson (resides in Oregon), Robert Devlin (resides in Oregon), John Hickenbottom (resides in Oregon), Larry Larsen (resides in Oregon), and Cheryl McCaffrey (resides in Oregon). Of these witnesses Messrs. Hickenbottom, Hussey, Larsen, Devlin, Nelson and Ms. McCaffrey are also on defendant's trial witness list. All of these witnesses are former or present employees of the Forest Service or the Bureau of Land Management who were involved in the implementation and interpretation of the Category 2 surveys under the Northwest Forest Plan, a matter at the core of this case. See Plaintiff's Memorandum of Fact and Law (filed May 7, 2008).

Most of the testimony of these witnesses will pertain to documents which they authored or which otherwise involve them during the years 1998-1999 and earlier. Their testimony is necessary to authenticate these documents and explain their contents to the Court. In some cases, as indicated in plaintiff's final trial witness list, the testimony anticipated will be relatively brief but absolutely necessary because the witness authored a document and there may be no other witness to authenticate that document or explain its context and meaning to the Court. Moreover, plaintiff cannot at this time anticipate the length of cross-examination or redirect required or precisely what documents might be necessary to refresh a witness' recollection of events and circumstances that happened many years ago. Consequently, the taking of trial testimony over the telephone would be cumbersome, time consuming and possibly deprive plaintiff of a necessary opportunity to confront the witness with a document not anticipated prior to the witness' testimony.

Paul Brouha, a former Forest Service employee now residing in Vermont, whose testimony is required particularly with regard to the plaintiff's exhibit known as the "Brouha Memorandum" (Pl. Ex. 109) has informed plaintiff's counsel that he will be undergoing radiation and chemotherapy treatment commencing on or about June 27, 2008.[1] Mr. Brouha also told plaintiff's counsel that because of the weakness and lack of energy he anticipates as a result of his treatment, testifying may be more difficult for him after that date, at least for a period of time. Accordingly, although plaintiff seeks an order authorizing a trial subpoena for Mr. Brouha, plaintiff has proposed to defendant's counsel that Mr. Brouha's testimony be preserved through a

[1]Plaintiff's counsel located Mr. Brouha after defendant's counsel told him that the Forest Service had not been able to locate him.

telephonic deposition to be taken as soon as possible and that the parties then stipulate that his deposition testimony may be submitted in lieu of in-court trial testimony. Alternatively, with the agreement of the Court, plaintiff could conduct Mr. Brouha's testimony telephonically before the Court and a court reporter at a time prior to June 27, 2008. In effect, plaintiff is proposing that Mr. Brouha's trial testimony be taken telephonically prior to June 27, 2008 either as deposition testimony or at a time when the Court, parties and Mr. Brouha will be available. Mr. Brouha told plaintiff's counsel that his preference would be to testify or be deposed prior to June 27, 2008. Defendant's counsel has stated she is not able at this time to state her position on this matter. If the Court authorizes a subpoena for Mr. Brouha, plaintiff's counsel will continue to work with defendant's counsel and Mr. Brouha to accommodate his needs.

For each of the foregoing reasons, plaintiff respectfully request that its motion for an order authorizing subpoenas for witnesses who reside more than 100 miles away from the place of trial be granted.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 6, 2008