IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-708C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR AN ORDER AUTHORIZING TRIAL SUBPOENAS
FOR WITNESSES MORE THAN 100 MILES FROM THE PLACE
OF TESTIMONY AND FOR EXPEDITED TREATMENT OF THIS MOTION

Defendant, United States, opposes plaintiff Scott Timber's ("Scott") motion for an order authorizing trial subpoenas for witnesses who reside more than 100 miles from the place of testimony and for expedited treatment of this motion.

At the outset, we note that there are only three witnesses identified in Scott's motion who are retired Government employees and who live more than 100 miles from either Washington, D.C. or Portland, Oregon, the two locations where the trial is scheduled to take place. Michael Gippert lives in Florida, Richard Holthausen lives in Arizona, Paul Brouha lives in Vermont.[1] The remainder of the individuals identified in plaintiff's motion are either current Forest Service employees (John Hickenbottom and Neil Forrester) or have agreed to appear (Thomas Hussey, Brenda Woodard, Steve Nelson, Robert Devlin, Larry Larsen, and Cheryl McCaffrey.)

[1] Don Knowles was also listed by plaintiff on its witness list. Mr. Knowles lives in North Carolina and objects to being forced to appear to testify at trial. As noted earlier, the Government informed plaintiff's counsel that Mr. Knowles objected to appearing. As plaintiff does not mention Mr. Knowles in this motion, plaintiff apparently does not intend to obtain a subpoena for him, and does not expect him to appear for trial.

A. Plaintiff Misrepresents The Parties' Discussions Regarding Retired Former Government Employees

Plaintiff incorrectly states that it did not learn until June 6, 2008 that the Government objected to plaintiff subpoenaing retired former Government employees who live great distances from the places of trial in this case. Plaintiff's counsel is well aware that the Government has never agreed to produce retired Government employees for trial. The parties have had several discussions regarding the availability of retired Government employees, and at no time did the Government agree to produce them. Additionally, counsel for the Government wrote plaintiff's counsel a letter on May 22, 2008, informing him that Richard Holthausen, Don Knowles, and Michael Gippert all objected to appearing for trial, and that Paul Brouha, Nancy Graybeal, and Don Ostby had not yet been located and that their presence could not be guaranteed. A copy of the Government's letter is attached to this motion as Exhibit 1.

Contrary to plaintiff's characterization, it is the former Government employees themselves who object to appearing at trial, not Government counsel's objection. Retired former Government employees are not within the control of Government counsel, they are merely non-parties to the litigation. As such, they are not required to accept the inconvenience and disruption attendant to having to travel hundreds of miles, and being away from home.

B. Plaintiff Cannot Demonstrate Substantial Need For These Witnesses

Rule 45(c)(3)(A)(ii) of the Rules of the Court of Federal Claims ("RCFC") provides that the court shall quash a subpoena that requires a non-party to travel more than 100 miles from home. If, however, the requesting party can demonstrate "substantial need" for a particular distant witness, the Court may order the individual to travel. RCFC 45 (c)(3)(B)(iii). A party cannot demonstrate "substantial need" unless it can show that it has no other way to obtain the

testimony other than by requiring an individual to travel more than 100 miles. Id. Plaintiff cannot demonstrate substantial need for any of these witnesses. Plaintiff took the deposition of Michael Gippert and Richard Holthausen, and could have taken the deposition of Paul Brouha as well, as his existence was known to plaintiff. Courts have found that where a party is in possession of deposition testimony for a witness that can be designated for use at trial, that fact weighs against finding substantial need for that witness to appear at trial. Perera v. United States Fidelity and Guaranty Co., 2007 WL 4247699 (M.D. Fla. 2007) (holding that substantial need was not demonstrated for witnesses who lived outside the 100 mile radius described in Rule 45 for whom deposition testimony would be used at trial); Mendez v. Unitrin Direct Property & Casualty Ins. Co., 2007 WL 27269000 (M.D. Fla. 2007) (holding that substantial need was not demonstrated for a witness where videotape deposition testimony existed and witness would have to travel 200 miles).

Plaintiff expects Mr. Gippert and Mr. Holthausen, and Mr. Brouha to testify as to matter about which other witnesses will also testify, thus their testimony will be cumulative. On its witness list, plaintiff states that Mr. Gippert, a Government attorney, is expected to testify concerning the Forest Service's interpretation "NEPA equals implementation." Plaintiff's Witness List ("Pl. Wit.") at 3.[2] There are ten other witnesses who plaintiff lists as also testifying on that same topic, including two other Government attorneys.[3] At a minimum, Mr. Gippert should be allowed to testify by telephone as he has requested. Plaintiff stated on its witness list

[2]A copy of the plaintiff's witness list is attached to this motion as Exhibit 2.

[3]Ted Boling, Robert Devlin, Neal Forrester, Nancy Graybeal, John Hickenbottom, Tom Hussey, Larry Larsen, Owen Schmidt, Susan Zike, and Cheryl McCaffrey. Of these individuals, Ted Boling and Owen Schmidt are attorneys.

that Mr. Gippert's testimony is expected to take less than an hour. Given the number of other witnesses who will be testifying on the same topics, and the burden of requiring Mr. Gippert to travel hundreds of miles, if Mr. Gippert is to be subjected to a trial subpoena, it should allow him to testify by telephone.

Plaintiff states that Mr. Holthausen is expected to testify concerning the "purpose and intent of Category 2 surveys." Pl. Wit. at 4. There are three other witnesses who plaintiff lists as also testifying on that topic.[4] Plaintiff stated on its witness list that Mr. Holthausen's testimony is expected to take less than an hour. Given that a number of other witnesses will be testifying on the same topic, and the burden of requiring Mr. Holthausen to fly cross-country from his home in Arizona to testify in Washington, D.C., if Mr. Holthausen is to be subjected to a trial subpoena, it should allow him to testify by telephone.

Additionally, the so-called "Brouha Memorandum," about which Mr. Brouha is apparently expected to testify, concerns the development and implementation of conducting the Category 2 surveys. As noted, there are three other witnesses also identified as testifying on that topic.

As an additional ground not to authorize the subpoenas requested by plaintiff, we note that testimony concerning the Forest Service's interpretation of "NEPA equals implementation" or the development of the Category 2 surveys relates to the Forest Service's actions prior to the time the Jigsaw, Pigout, and Whitebird timber sale contracts were signed, and therefore before the Forest Service had any contractual obligations to Scott. Thus, Scott cannot demonstrate that testimony on such topics is even relevant to Scott's claim for breach of contract, much less that it

[4]Steven Nelson, Tom Hussey, and Larry Larsen.

has a substantial need for it.

Plaintiff has not demonstrated substantial need for any of these witnesses and any trial subpoenas served on Mr. Holthausen, Mr. Brouha, or Mr. Gippert should be quashed.

C. Requiring Paul Brouha To Testify In This Case Will Constitute An Undue Burden On Him

RCFC 45(c)(3)(A)(iv), provides that the Court should quash any subpoena that would subject a person to undue burden. Mr. Brouha is an elderly man with serious health concerns. He reports that he is scheduled to undergo serious medical treatment relating to cancer on June 27, 2008, with follow-up treatment scheduled in July of this year. He further reports that he expects this treatment to be stressful for him and may leave him in a weakened condition. Thus, requiring Mr. Brouha to travel hundreds of miles from his home in Vermont to Washington, to testify for less than an hour, as indicated on plaintiff's witness list, constitutes an undue burden on him. Pl. Wit. at 2. Modifying the request to require Mr. Brouha to testify by telephone still constitutes an undue burden on him. He would still have to disrupt his affairs to prepare to testify, and then be subjected to questioning by an opposing lawyer regarding issues that took place ten years ago or longer, an undeniably stressful undertaking. This constitutes an undue burden on Mr. Brouha because it would be "unreasonable and oppressive" to enforce a trial subpoena against Mr. Brouha in these circumstances. Heat and Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1023 (Fed. Cir. 1986) (holding that Federal Rule of Civil Procedure 45(b)(1) allows a federal district court to quash a subpoena if it finds granting it would be "unreasonable and oppressive.") (quoting Ariel v. Jones, 693 F.2d 1058, 1059 (11th Cir. 1982)).

Moreover, if a subpoena is subject to being quashed because it constitutes an undue

burden, it must be quashed under the terms of RCFC 45(c)(3)(A)(iv); the concept of "substantial need" does not apply. See Todd v. LaMarque, 2008 WL 564802 (N.D. Cal. 2008) (holding that the court could not overcome an undue burden by commanding a non-party to travel to appear at trial subject to Rule 45(c)(3)(B)(iii).)

Additionally, requiring Mr. Brouha to testify before the trial is scheduled to start, places an unwarranted burden on the Court. The Court would have to make arrangements for Mr. Brouha's telephonic testimony, and also find a time available to the Court to hear the testimony. Plaintiff's counsel could have taken Mr. Brouha's deposition during the period for discovery in this case, or at a minimum, have raised the issue of how to present Mr. Brouha's testimony sooner. Counsel's failure to do so does not warrant inconveniencing the Court at this late date.

## CONCLUSION

For these reasons, the Government requests that plaintiff's motion for an order authorizing trial subpoenas for witnesses who reside more than 100 miles from the place of testimony and for expedited treatment of the motion be denied.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney

Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

June 10, 2008

Attorneys for Defendant