U.S. Department ... Justice

Civil Division

JED:BGS:JMStentiford
DJ No. 154–05-708

Telephone: (202) 616-0341
Facsimile: (202) 514-8624

*Washington, D.C. 20530*

April 28, 2008

VIA E-MAIL AND U.S. MAIL

Gary G. Stevens
Saltman & Stevens, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006

Re: Scott Timber Company v. United States, Fed. Cl. No. 05-708C

Dear Mr. Stevens:

In accordance with paragraph 13(c)(3), the Government's statement of the factual and legal issues for trial is as follows:

1. If plaintiff is correct that the Northwest Forest Plan required the Forest Service to conduct Category 2 surveys before awarding the Jigsaw, Pigout, and Whitebird timber sale contracts to Scott Timber, whether the contracts are void ab initio because the Contracting Officer could not have possessed actual authority to award any contract contrary to law.

2. Whether the Forest Service properly suspended the Pigout, Jigsaw, and Whitebird contracts as the Forest Service was authorized to do by paragraph CT 6.01 which is included in each contract.

3. Whether the Forest Service can be liable to Scott Timber for actions taken before it owed Scott Timber any duty, i.e., before the Jigsaw, Pigout, and Whitebird contracts were awarded?

4. Whether plaintiff can maintain any cause of action against the Forest Service concerning the agency's pre-award behavior other than a bid protest action?

5. There is no implied warranty of any specifications in the Jigsaw, Pigout, or Whitebird Timber Sale contracts, and no breach of any such warranty. To the extent that any part of the contracts could be construed as specifications, they are

**EXHIBIT A**

not design specifications. Scott Timber was required to provide its own plan of operations to effect harvest, not to follow the Government's instructions. Also, Scott Timber's claim is premised on the suspension of the contracts, i.e, it is complaining that it was prevented from harvesting timber under the contracts. Therefore, it could not have incurred damages as a result of following any specification in the contract and finding it defective.

6. The doctrine of superior knowledge has no application to this case, because it is a performance-related doctrine, and Scott Timber's claims are predicated being prevented from performing. Additionally, the Government did inform Scott Timber of the possibility of environmental litigation, and did include a provision in the contract providing for suspension of the contract in the event of environmental litigation.

7. The Jigsaw, Pigout, and Whitebird timber sale contracts all contained paragraph CT 6.01, which unambiguously provided the Forest Service with the authority to suspend the contract unilaterally in the event of a court order or injunction.

8. The Forest Service did not breach the implied duty of good faith and fair dealing, or the implied duty to cooperate and not to hinder because we acted in good faith in awarding the Jigsaw, Pigout, and Whitebird timber sale contracts.

9. In the alternative, if the Court determines that a reasonableness standard is appropriate, that the Forest Service acted reasonably in awarding the Jigsaw, Pigout and Whitebird timber sale contracts, and in suspending the contracts in response to a court order as authorized by paragraph CT 6.01.

Very truly yours,

Joan M. Stentiford
Trial Attorney
Commercial Litigation Branch
Civil Division

cc:

Rebecca Harrison
USDA Office of the General Counsel
1220 S.W. 3rd Avenue
Room 1734
Portland, Oregon 97204