IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST MOTION IN LIMINE**

Defendant, the United States, respectfully requests that the Court enter an order ruling that all evidence relating to the Forest Service's actions prior to the award of the three contracts at issue in this case is inadmissible.

The purpose of a motion in limine is to "prevent a party before trial from encumbering the record with irrelevant, immaterial, or cumulative matters. Such a motion enables the court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983), aff'd 790 F.2d 93 (Fed. Cir.) (table). At trial, plaintiff proposes to put on evidence regarding the Forest Service's actions prior to the award of the three timber sale contracts at issue. Evidence of the Government's actions prior to the award of these three timber sale contracts is not relevant to the plaintiff's breach of contract action. Therefore, defendant respectfully requests that this Court enter an order ruling that all evidence relating to the defendant's pre-contract actions is inadmissible under Fed. R. Evid. 402.

As we outlined in our memorandum of contentions of law and fact, plaintiff's contention that the Forest Service breached the implied covenant of good faith and fair dealing is based upon conduct occurring before contracts were awarded. The covenant of good faith and fair dealing is

an implied contract term. "The covenant of good faith and fair dealing is an implied duty that each party to a contract owes to its contracting partner." Centex Corp. v. United States, 395 F.3d 1283, 1304 (Fed. Cir. 2005). It imposes obligations upon both contracting parties that include the duty not to interfere with the other party's performance and not to act so as to destroy the reasonable expectations of the other party regarding the fruits of the contract. Id. However, the covenant is limited to assuring compliance with the express terms of the contract and thus does not create obligations not contemplated in the contract itself. Bradley v. Chiron Corp., 136 F.3d 1317, 1326 (Fed. Cir. 1998). Consequently, "the assertion of a legitimate contract right cannot be considered violative of a duty of good faith and fair dealing." David Nassif Assocs. v. United States, 664 F.2d 4, 12 (Ct. Cl. 1981).

Because no duty of good faith and fair dealing exists in the absence of a contract, it necessarily follows that pre-contract conduct cannot constitute a breach.[1] Simply put, when no duty exists, there can be no breach of duty.[2]

In addition, because the timber sale contracts give the Forest Service the right to suspend performance to comply with the order of a court of competent jurisdiction, the suspension of plaintiff's contracts cannot constitute a breach of the implied covenant of good faith and fair dealing. David Nassif Assocs. v. United States, 664 F.2d 4, 12 (Ct. Cl. 1981). It is undisputed

---

[1] Another judge of this Court has found that an agency did not owe plaintiffs a fiduciary duty in accordance with the duty of good faith and fair dealing when "any conduct in violation of statutes and rules . . . occurred prior to the formation of a contract . . . ." Baker v. United States, 50 Fed. Cl. 483, 499 (2001).

[2] Where a contract contains an express warranty, actions taken before the execution of the contract might conceivably breach the warranty. For instance, a seller who warrants clear title breaches the warranty if a pre-sale loan has not been paid off. Here, however, plaintiffs allege no breach of warranty.

that a Federal district court entered an injunction in ONRC Action. The Forest Service was, therefore, entitled to suspend these contracts pursuant to CT6.01.

Plaintiff insists that the Forest Service cannot invoke CT6.01 because the ONRC Action injunction was caused by the Forest Service's allegedly unreasonable or illegal pre-award interpretation of its environmental responsibilities under the Northwest Forest Plan ("NFP"). Such a limitation on the ability to suspend would render clause CT6.01 nugatory and, thus, violate a basic canon of statutory construction. See Gardner, Kamya & Assoc. v. United States, 467 F.3d 1348, 1352 (Fed. Cir. 2006) ("We must interpret a contract as a whole and in a manner which gives reasonable meaning to all its parts and avoids conflict or surplusage of its provisions.") (brackets and internal quotes omitted).

CT6.01 authorizes a suspension to comply with an order from a court of competent jurisdiction. However, a district court will enter a preliminary injunction that prevents timber harvesting only if an environmental plaintiff has shown a "likelihood of success on the merits." Fed. R. Civ. P. 65. Consequently, the most probable situation in which the Forest Service would seek to invoke CT6.01 is after a court has concluded that the Forest Service may have erred in some material respect. It would therefore effectively void CT6.01 to hold that the clause cannot be invoked where some Forest Service action "caused" the court order upon which the suspension is based.

Throughout their brief, plaintiff relies upon the Court of Federal Claims' decision in Precision Pine & Timber, Inc. v. United States, 50 Fed. Cl. 35 (2001). Precision Pine, which was decided before the United States Court of Appeals for the Federal Circuit issued Scott Timber Co. v. United States, 333 F.3d 1358 (Fed. Cir. 2003), addressed the Forest Service's suspensions

of 14 timber sale contracts pursuant to contract clause C[]6.01. The court found two distinct breaches: (1) the breach of a purported express warranty in clause C[]6.25; and (2) a breach occurring when otherwise valid contract suspensions continued for too long.[3] Precision Pine & Timber, Inc. v. United States, 50 Fed. Cl. at 58. The claim that C[]6.25 contains an express warranty was rejected by Scott Timber, and, therefore, this aspect of the Precision Pine decision is no longer viable. Scott Timber v. United States, 333 F.3d at 1371. Moreover, the Precision Pine court - like the Federal Circuit in Scott Timber - found that C[]6.01 expressly authorizes the Forest Service to suspend contracts to comply with a district court injunction:

> C[]6.01 gives the Forest Service the contractual right to suspend the contracts. It is only after the statutory time frame [for consultation with the Fish and Wildlife Service] expires that the Forest Service can be found to have breached the implied duty not to hinder, and even then only after additional findings with respect to unreasonableness are made. Thus, defendant was not in breach of the implied duty not to hinder until, at the earliest, the time at which the 135-day statutory consultation period had elapsed.

Precision Pine & Timber, Inc. v. United States, __ Fed. Cl. __, 2007 WL 5030766 at *30 (Sept. 14, 2007) (emphasis added). Thus, Precision Pine stands only for the unremarkable proposition that the duty of good faith and fair dealing might place an outer limit on the length of the suspension authorized by CT6.01. See id.

Furthermore, in Scott Timber, the Federal Circuit recognized that any reasonableness inquiry is only appropriate as it relates to the duration of the suspensions, not the mere fact that the contracts were suspended. Scott Timber Co. v. United States, 333 F.3d at 1368 (noting that

---

[3] The Court sometimes described the breach of warranty as a breach of the "implied duty to cooperate" and discussed the other breach as the breach of the "implied duty not to hinder." These implied duties are characterized as subspecies of the well-known duty of good faith and fair dealing. See Precision Pine, 50 Fed. Cl. at 58-59.

CT6.01 does not authorize the indefinite or permanent suspension of the contracts, and that the court looks to the reasonableness of the suspension only to determine whether a prolonged suspension constitutes a breach). Therefore, for contracts that include clause CT6.01, Scott Timber establishes that the only possible breach the plaintiff could prove is a breach resulting from the duration of the suspension.

Binding precedent establishes that the duty of good faith and fair dealing – and its subspecies, the duties to cooperate and not to hinder – does not apply to the Forest Service's pre-contract actions. Because the plaintiff focuses solely on the Forest Service's pre-contract actions, and does not challenge the duration of the suspensions, this Court cannot find that the Forest Service breached these timber sale contracts.

We respectfully request that the Court issue an order ruling that all evidence – both documentary and testimonial – relating to actions taken prior to the award of the three timber sale contracts at issue in this case is inadmissible in this case. Defendant reserves the right to raise other objections at trial if the Court does not exclude the evidence as requested in this motion.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 10, 2008

Certificate of Filing

I hereby certify that on this 10th day of June, 2008, a copy of "Defendant's First Motion In Limine" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch
ELLEN M. LYNCH