IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 05-708C<br>(Judge Lettow) |

**DEFENDANT'S SECOND MOTION IN LIMINE**

Defendant, the United States, respectfully requests that the Court enter an order ruling that all evidence relating to settlement negotiations between the Government and the Oregon Natural Resources Council Action ("ONRC Action") is inadmissible .

Federal Rule of Evidence 408 provides that evidence regarding "furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim" is not admissible "when offered to prove liability for, invalidity of, or amount of a claim . . . ." Fed. R. Evid. 408. Furthermore, evidence of "conduct or statements made in compromise negotiations" is similarly inadmissible. Id. As another judge of this Court has noted, "the policy behind FRE 408 is the encouragement of settlements." Power Authority of the State of New York v. United States, 62 Fed. Cl. 376, 377 (2004), citing Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 265 F.3d 1294, 1308 (Fed. Cir. 2001) ("We are mindful . . . of the policy in favor of protecting settlement negotiations from being admitted as evidence, thus serving to encourage settlements."). Information regarding settlement offers is "only inadmissible when offered to prove liability or damages." Power

Authority of the State of New York v. United States, 62 Fed. Cl. at 377, citing Coakley & Williams Constr., Inc. v. Structural Concrete Equip., Inc., 973 F.2d 349, 353 (4th Cir. 1992).[1]

Here, plaintiff seeks to introduce evidence regarding the Government's settlement negotiations with ONRC Action, the plaintiff in an environmental lawsuit, to demonstrate that the Forest Service knew that its interpretation of the Northwest Forest Plan ("NFP") was incorrect prior to the award of the three timber sales at issue. Plaintiff proffers this evidence in direct contravention of the policy stated in Fed. R. Evid. 408; plaintiff proffers this evidence to prove the Forest Service's liability. As such, evidence – both documentary and testimonial – relating to the Government's settlement negotiations with ONRC Action should be deemed inadmissible.

Specifically, defendant respectfully requests that this Court disallow testimony from Mr. Edward Boling, a former Department of Justice attorney, regarding areas described on plaintiff's witness list as: "evaluation of ONRC Action and the weakness of the government's position; the lack of merit of the Forest Service's interpretation . . . communications with others regarding the ONRC Action litigation . . . and authentication and explanation of documents concerning Mr. Boling." Pl's. Witness List. Furthermore, defendant respectfully requests that this Court determine that the following documents are inadmissible under Fed. R. Evid. 408: Pl. Ex. Nos. 65, 75, 7687, 88, 95, 96, 99, 100, 101, 110, 116, 118, 119, 120, 126, 129, 132A, 139, 141, 143A,

---

[1] Evidence regarding settlement negotiations is permitted to show a defendant's knowledge or intent only to prevent the use of the rule "as a trap." Power Authority of the State of New York v. United States, 62 Fed. Cl. at 378. "It would be an abuse of Rule 408 to let Bankcard lull Universal into breaching the contract and then prevent Universal from explaining its actions because the lulling took place around the settlement table." Bankcard Am., Inc. v. Universal Bancard Sys., Inc., 203 F.3d 477, 484 (7th Cir. 2000). The use of settlement negotiations to show a defendant's knowledge or intent is not appropriate in this case because the plaintiff was not a party to the environmental settlement negotiations, and, therefore, the rule is not being used as a trap.

154, 157, 158. These documents relate to settlement negotiations in a different case. For example, Pl. Ex. No. 154 is an unsigned memo from Mr. Boling, the trial attorney in that case, to Ms. Lois Schiffer, the Assistant Attorney General for the Environment and Natural Resources Division, in which Mr. Boling recommends settlement. Plaintiff in this case cannot use these documents to prove the Government's liability.

We respectfully request that the Court issue an order ruling that all evidence relating to the Government's settlement negotiations with ONRC Action is inadmissible in this case. Defendant reserves the right to raise other objections at trial if the Court does not exclude the evidence as requested in this motion.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 10, 2008

Certificate of Filing

I hereby certify that on this 10th day of June, 2008, a copy of "Defendant's Second Motion In Limine" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch

ELLEN M. LYNCH