IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, Plaintiff, | ) | |
| v. | ) | No. 05-708C (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S THIRD MOTION IN LIMINE**

Defendant, the United States, respectfully requests that the Court enter an order ruling that all evidence relating to subsequent remedial measures taken by the Forest Service after awarding the three timber sale contract at issue is inadmissible.

Fed. R. Evid. 407 states: "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct . . . or a need for a warning or instruction." Plaintiff has identified Mr. Randy Pew, of Pew Forest Products, as a witness in this case. According to plaintiff's witness list, Mr. Pew will testify regarding "[p]urchaser waiver of claims in connection with the award of Forest Service timber sales under legal challenge." Pl's. Witness List. To the extent that Mr. Pew will testify regarding changes or additions to the standard timber sale contracts made after the award of the three timber sale contracts at issue, such testimony is inadmissible under Fed. R. Evid. 407 as a subsequent remedial measure.

Furthermore, plaintiff's exhibit list includes two documents dated August 31, 2007. The first, exhibit number 176A, is described as "Pre-Award Waiver, Release and Limitation of Liability Agreement." Pl's Ex. List. The second, exhibit number 176B, is described as "Timber

Sale Contract For Jenkins Multi-Product Thin." Id. These documents are either irrelevant to plaintiff's breach of contract claim for three timber sale contracts awarded in 1999, or are offered in violation of Fed. R. Evid. 407's prohibition against the use of subsequent remedial measures to prove the Forest Service's culpable conduct or need for a warning or instruction.

We respectfully request that the Court issue an order ruling that all evidence relating to any subsequent remedial measures taken by the Forest Service is inadmissible in this case. Defendant reserves the right to raise other objections at trial if the Court does not exclude the evidence as requested in this motion.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

OF COUNSEL:

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 10, 2008

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 10th day of June, 2008, a copy of "Defendant's Third Motion In Limine" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch
ELLEN M. LYNCH