IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 05-708C |
| | ) | Judge Lettow |
| UNITED STATES, | ) | |
| Defendant | ) | |

**DEFENDANT'S FOURTH MOTION IN LIMINE**

Defendant respectfully requests that the Court enter an order ruling that all evidence relating to Heartwood, Inc. v. Forest Service, 73 F. Supp.2d 962 (S.D. Ill. 1999), identified by plaintiff Scott Timber Company ("Scott") as trial exhibit 149, and ONRC Action et al. v. Forest Service, 59 F. Supp.2d 1085 (W.D. Wash. 1999), identified by plaintiff as trial exhibit 143, is inadmissible. Both of these documents are reported opinions from different litigation involving different parties and different courts from those involved in the instant litigation, and cannot be used as substantive factual evidence here.

Scott improperly identifies two published opinions from other courts as trial, therefore, as substantive, exhibits in this case. In identifying these exhibits, Scott necessarily asks this Court to take judicial notice of the factual findings of two different courts. By so doing, Scott apparently intends that this Court import the substance of the factual and legal findings in those opinions as substantive evidence in this case.

There are two situations in which courts have found it appropriate to take judicial notice of findings of fact in prior cases. One, where the fact is one of general knowledge within the jurisdiction, and is beyond question. For example,

> Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. It is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence.

General Electric Capital Corp. V. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997). Similarly, the Federal district court for the District of Columbia held:

> Unlike the facts of which the courts took judicial notice in the cases cited above, these facts are not 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be challenged'. . . If that were the standard, then courts could take judicial notice of virtually every fact ultimately proven in a case.

Weinstein v. Islamic Republic of Iran, 175 F. Supp.2d 13, 17 (D.D.C. 2001).

Otherwise, judicial notice of facts found in prior cases is possible only where the prior case involved the same parties and the same court, and involved facts beyond dispute. Harrington v. Vandalia-Butler Board of Educ., 649 F.2d 434, 441 (6th Cir. 1981). See also Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969) (holding the Court may only take judicial notice of litigation between the same parties); Biomedical Patent Mgmt. Corp. v. California Dept. of Health Services, 505 F.3d 1328, 1331 (Fed. Cir. 2007). Here, Scott asks the Court to import the findings of fact of the United States District Courts for the Western District of Washington and the Southern District of Illinois, in two different unrelated cases. Scott's request is unsupported

by any legal authority and constitutes an attempt to short-circuit the requirements of the federal rules of evidence. Fed. R. Evid. 201(b).

For the foregoing reasons, we respectfully request that the Court issue an order ruling that Scott's attempt to use the reported opinions in Heartwood, Inc. v. Forest Service, 73 F. Supp.2d 962 (S.D. Ill. 1999), identified by Scott as trial exhibit 149, and ONRC Action et al. v. Forest Service, 59 F. Supp.2d 1085 (W.D. Wash. 1999), identified by Scott as trial exhibit 143, as substantive evidence be denied in this case. Defendant reserves the right to raise other objections at trial if the Court does not exclude the evidence as requested in this motion.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

OF COUNSEL:

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 10, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this the 10th day of June, 2008, a copy of the above Defendant's Fourth Motion In Limine was served electronically. I understand that parties may access this document through the Court's electronic filing system.

/s/Ellen M. Lynch
Ellen M. Lynch