IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-708C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR AN ORDER ADMITTING CERTAIN DEPOSITION
TRANSCRIPTS, ACCOMPANYING DEPOSITION EXHIBITS
AND ANSWERS TO INTERROGATORIES AS PARTY ADMISSIONS

Defendant, United States, opposes plaintiff Scott Timber's ("Scott") motion to admit deposition testimony, deposition exhibits, and answers to interrogatories as party admissions. The effect of granting Scott's motion would be to allow Scott to bypass the requirements that each piece of evidence offered for admission must be properly authenticated and an adequate foundation provided for its admission.

I. Scott Has Not Established A Proper Basis For The Admission Of Designated Testimony Pursuant to Fed. R. Evid. 801(d)(2)

Scott's motion should be denied because Scott has not met its burden to establish that at least some of the testimonial designations that it seeks to admit into the record of this case constitute admissions by the United States pursuant to Fed. R. Evid. 801(d)(2). In its motion, Scott broadly asserts that all of the testimony it proffered is admissible as "admissions by a party opponent under Fed. R. Evid. 801(d)." Motion, at 2. However, not every statement by every individual employed or formerly employed by a party constitutes an admission by that party. See, e.g., Krause v. City of LaCrosse, 246 F.3d 995, 1002 (7th Cir. 2001) ("Rule 801(d)(2)(D) does

not cast such a wide net" as to "hold a city accountable for statements made by any city employee" (emphasis added)); Williams v. Pharmacia, Inc., 137 F.3d 944, 950 (7th Cir. 1998) ("The precise reach of Rule 801(d)(2)(D) is sometimes difficult to discern as there has been considerable debate about the justification for classifying vicarious admissions as non-hearsay."). At the very minimum, the employee must have had significant involvement in or responsibility for the decision at issue for his statements on the subject to qualify as admissions. Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 (S.D.N.Y. 2002); see also Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1456-57 (11th Cir. 1997) (finding that plaintiff could not testify to statements made by co-workers because co-workers had no supervisory or decision-making authority); Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 572 (8th Cir. 1989) (affirming refusal to admit derogatory remarks of company employees as vicarious admissions where employees were non-managers without involvement in decision); Hill v. Speigel, Inc., 708 F.2d 233, 237 (6th Cir. 1983) ("[t]he mere fact that each of these men was a 'manager' within the expansive Spiegel organization is clearly insufficient to establish that matters bearing upon [plaintiff's] discharge were within the scope of their employment").

Fed. R. Evid. 801(d)(2)(D) provides, in pertinent part, that a statement constitutes an admission of a party opponent if:

> The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[] . . . .

Fed. R. Evid. 801(d)(2). To qualify as an admission under the Rule, a party must establish that the testimony offered meets three requirements: (1) the statement is made by the party that

offered it; (2) the statement concerns matters within the scope of the "agency or employment;" and (3) the statement was made during the existence of the relationship. Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 164-65 (2004); Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003); Globe Savings, 61 Fed. Cl. at 97. It is up to the proffering party to lay a proper foundation to show that an otherwise excludable statement relates to a matter within the scope of an agent's employment and constitutes an admission. E.g., Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001). When evaluating whether such a foundation has been established, "[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2). Moreover, the burden of establishing the admissibility of specific testimony for designation and inclusion in the trial record rests with the movant. Evans, 192 F. Supp. at 263 n.121. The Court is the ultimate decision-maker regarding whether the movant has met the requirements for admissibility, and whether the designations sought constitute admissions by the adverse party. See Long Island Savings, 63 Fed. Cl. at 164; Globe Savings, 61 Fed. Cl. at 97; Aliotta, 315 F.3d at 761.

Scott relies upon Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), for the proposition that a party need not show unavailability of a witness to designate his or her testimony for the record so long as the three requirements set forth above are satisfied. Motion, at 2. Yet, prior to admitting any designated testimony, the Court in Globe undertook an analysis of the proffered designations to ensure that they met the requirements of Fed. R. Evid. 801(d)(2)(D). Globe, 61 Fed. Cl. at 96-97. Specifically, the Court required the plaintiffs in that case to establish that the statements were made by the party against whom they were offered, the United States;

the subject matter of the testimony designated matched the "subject matter of the employee's job description[]"; and that the individuals for whom testimony was designated were employed by the Government at the time of their statements. Id. Scott has failed to make an equivalent showing.

Although some of Scott's designations provide information concerning the designees' respective positions and the scope of their employment at the time, Scott's motion and designations are devoid of sufficient detail to establish that all of the proffered testimony was provided within the scope of these individuals' employment. Sue Zike and Ted Boling were both employed by the Government at the time of the events relevant to this lawsuit. This does not transform any statement made by them into an admission of the Government, admissible as substantive evidence in this case. Sue Zike is employed by the Forest Service as a paralegal. As such, she provides litigation support, she does not decide the agency's litigation position, nor does she decide when the Forest Service will offer a particular timber sale. With respect to the ONRC Action litigation, Ms. Zike's assigned role was to be the litigation coordinator, acting as a conduit for information between the Department of Justice and the Forest Service. She did not have a role in making legal decisions for the agency. As a result, Ms. Zike's testimony concerning these subjects lacks adequate foundation, and it cannot meet the admissibility test under Fed. R. Evid. 801(d) as an admission against the United States. Further, Scott has not attempted to overcome the various objections to which some of their proffered testimonial designations are subject.

Mr. Boling's legal opinions do not properly constitute an admission of a party opponent within the meaning of Fed. R. Evid. 802. Scott contends that Mr. Boling's opinion as an attorney for the Department of Justice concerning the legal sufficiency of the Forest Service's interpretation of the Northwest Forest Plan should be admissible as substantive evidence against

the Government. Scott's claim for breach of contract damages is based on Scott's contention that the Forest Service's interpretation of the Northwest Forest Plan was inadequate and should not have formed the basis for the Forest Service's award of timber contracts to Scott. Thus, the sufficiency of the Forest Service's interpretation of the Northwest Forest Plan is the ultimate legal issue in this case, and Mr. Boling's thoughts on the matter do not constitute an admission to bind the Government.

Accordingly, the Court should deny Scott's motion to the extent that Scott has not established a proper basis for the admission of the proffered testimony. Further, the Court also should consider and rule upon the Government's objections to Scott's designations before allowing these designations to burden the record.

## II. The Trial Exhibits Proffered By Scott Do Not Constitute Admissions Of A Party Opponent

Scott's motion seeks to admit twenty documents identified by Scott as trial exhibits. Many of the items that Scott has designated as single exhibits actually contain several independent, disparate documents for which Scott must provide authentication and foundation. Many of these documents concern the Government's settlement discussions in a Federal district court action and admission of these documents is barred by Federal Rule of Evidence ("Fed. R. Evid.") 408. The documents that Scott offers for admission also contain two or three levels of hearsay, which Scott cannot cure merely by designating the documents as admissions, particularly where, in most cases, the documents are not the statement of the individual who purportedly made an admission binding on the Government.

Perhaps the most egregious examples of Scott's misuse of Fed. R. Evid. 801(d)(2) are

found in Scott's request that the Court admit Plaintiff's Trial Exhibits 65 and 86. Exhibit 65 consists of a fax cover sheet from Ted Boling, a Department of Justice attorney, to two of his colleagues, Lois Schiffer and Peter Coppelman, and an attached 24 page letter from Michael Axline, counsel for the ONRC Action plaintiffs. Exhibit 86 is a fax cover sheet from Sue Zike with a press release written by the ONRC Action plaintiffs attached. Scott apparently intends to suggest to the Court that merely by reading a document written by an opposing party during litigation, and forwarding it to other Government counsel, the Government has thereby admitted the truth of all contents of that writing and adopted it as the statement of the entire Government. At best, this may charitably be described as a grave misunderstanding and abuse of the provisions of Fed. R. Evid. 801(d)(2).

Section 801(d)(2) requires that, in order to constitute an admission, the statement must be either the party's own statement, or a statement in which the party has manifested an adoption or belief in its truth. Fed. R. Evid. 801(d)(2)(A) and (B). The doctrine of "adoptive admissions" provides that upon a showing that an individual's failure to respond to a statement is "so unnatural that it supports the inference that the party acquiesced in that statement." Weston-Smith v. Cooley Dickinson Hosp., 282 F.3d 60, 67 (1st Cir. 2002) (citing Vazquez v. Lopez-Rosario, 134 F.3d 28 (1st Cir. 1998). The burden is on the party seeking the admission of the evidence to establish all circumstances concerning the party's hearing of the statement and subsequent failure to respond.

The idea that merely by reviewing a document and analyzing its contents a party could be found to have adopted the truth of the statements in the document was soundly rejected by the court in Brown v. Crown Equipment Corp., 445 F. Supp.2d 59, 66 (D. Me. 2006). In Brown, the

court specifically found that the defendant had reviewed accident reports provided by the plaintiff and had categorized them and may have used information from them to compile other reports. Id. The court in Brown held

> None of these reasons is persuasive; none of the three, alone or taken together, necessarily establishes that the defendant has manifested an adoption of the contents of the reports, let alone a belief in their truth. They cannot be admitted into evidence as adoptive admissions.

Id.

Similarly here, the Government has not, merely by reading documents written and provided by the ONRC Action plaintiffs, manifested any belief in their truth, or adopted the statements made by ONRC Action plaintiffs as the statement of the Government. For the same reasons, trial exhibits 49, 53, 90, 128, 129, should not be admitted into evidence as an admission of the Government within the meaning of Fed. R. Evid. 802.

The other exhibits proffered by the plaintiff in its motion do not constitute admissions of the Government because they contain numerous statements not made within the scope of either Sue Zike's or Ted Boling's employment, and plaintiff has not established proper foundation for their admission.

## III The Index Produced By The Government Does Not Constitute Substantive Evidence Of The Documents Identified

Scott also requests that the Court admit an index of documents provided to Scott by the Government to accompany the Government's production of documents. The Government produced well over 13,000 pages of documents in its response to Scott's document request during the discovery phase of this case. As a courtesy, we also provided an index of the documents. This document does not constitute a summary of voluminous records within the

meaning of Fed. R. Evid. 1006, as it is not a summary of otherwise admissible documents. PR Contractors, Inc. v. United States, 69 Fed. Cl. 468, 472 (2006). The multitude of documents identified on the index contain a wide variety of documents containing a variety of hearsay issues, and other bars to admissibility. More importantly, Scott has made no effort to establish the admissibility of each document.

Nor does the fact that the index was prepared by a Government employee, transform a myriad collection of documents into an omnibus admission to bind the entire Government.

> It is clear that the only matters to which a custodian may testify are that she has no records relating to a certain matter or that a certain writing was recorded in her files. She is no more competent than any other witness to testify to the contents of her records unless some exception to the best evidence rule is first shown by laying a proper foundation.

United States v. Jeffery, 1953 WL 2248 (U.S. Army Brd. Rev. 1953).

Here, Scott attempts to short-circuit the procedure for properly qualifying evidence to be admitted at trial. Scott may not avoid the requirements of laying a foundation for each piece of evidence it seeks to admit at trial by merely directing the Court's attention to an index of documents prepared by a custodian of those documents as a courtesy in discovery. The index is not admissible either as a summary, nor as substantive evidence of the documents' various contents, nor as an admission binding upon the United States as to the truth of any statement contained within any of the 13,000 pages of documents.

III. Should The Court Admit Scott's Proffered Testimony, It Also Should Admit The Government's Counter-Designated Testimony

Should the Court determine to admit into evidence in this case the testimonial designations submitted by Scott, the Government respectfully requests that the Court also admit the Government's counter-designated testimony, which is necessary to complete the record, and that the Court rule upon all objections to each proffered testimony. See Fed. R. Evid.106. The Government's counter-designations are identified in Attachment A to this motion, with supporting transcripts included at Attachment B.[1]

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Scott's motion or, in the alternative, that the Court rule upon the Government's objections prior to the admission of any testimonial designations.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

[1]Defendant's counsel are traveling and do not currently have the technical capability to provide copies of the transcript pages as an attachment to this motion. Counsel will provide an amendment to this motion no later than June 11, 2008.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

June 10, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 10th day of June, 2008, a copy of "Defendant's Opposition to Plaintiff's Motion For An Order Admitting Certain Deposition Transcripts, Accompanying Deposition Exhibits and Answers to Interrogatories as Party Admissions" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
Joan M. Stentiford

EXHIBIT A

Scott Timber v. United States
Case No. 05-708C
Deposition of Susan Zike – January 4, 2007

Page:Line

18:16 – 19:2
22:3-4
26:11-22
32:5-10
44:13-14
51:15-20

Blue Lake Forest Products, Inc v. United States
Case No. 01-570C
Deposition of Sue Zike – August 20, 2007 - August 21, 2007

Page:Line

6:1-7
22:20-23

EXHIBIT B