# EXHIBIT A

# EXHIBIT A

| Pl.'s Ex. | Description | Reason Admissible Under FRE 408 |
|---|---|---|
| 65 | ONRC Action's response to DOJ request to provide more information on how sales violate NEPA and NFMA and provides list of "at risk" sales. | Shows defendant was on detailed notice of the scope of ONRC Action's claims. Not offered to prove the same claim brought by ONRC Action. |
| 75 | Internal memorandum and email stating DOJ's promise to delay award of certain sales and that award must be approved by DOJ. Advises contracting officers to make "standard announcement" advising bidders that sale is under litigation. | Internal document not communicated to ONRC Action. Shows fact that Forest Service had process in place to acquire knowledge of risk of awarding sales and that DOJ discouraged Forest Service from awarding sales threatened by ONRC Action. Shows fact that COs instructed only to give a "standard announcement" regarding risks associated with sale. Not offered to prove the same claim brought by ONRC Action. |
| 76 | Internal memorandum outlining government's settlement offer and indicating that DOJ may ask Forest Service to delay award of 20 sales not listed in settlement offer. | Shows fact that Forest Service knew DOJ was reluctant to move ahead with sales while ONRC Action was pending. Not offered to prove the same claim brought by ONRC Action. |
| 87 | Internal email from Sue Zike stating that biggest barrier to settlement was Forest Service failure to survey for Category 2 species. | Internal document not communicated to ONRC Action. Shows defendant was on notice that ONRC Action would not accept any solution that did not require surveys on sales. Shows S. Zike prepared briefing paper for high level officials. Not offered to prove the same claim brought by ONRC Action. |
| 88 | Internal memorandum and emails summarizing background and status of ONRC Action litigation and current settlement proposal. | Internal document not communicated to ONRC Action. Not offered to prove the same claim brought by ONRC Action. |
| 95 | Internal email from Sue Zike stating that DOJ did not want "any dogs let out on the street" during the briefing on motions for summary judgment and that to comply Forest Service would assess strength of sale compared with the issues raised by ONRC Action's complaint. | Evidence of end of settlement negotiations and that Forest Service held off on awarding sales. Admission of liability for breach of contract. Internal document not communicated to ONRC Action. Shows Forest Service's knowledge that ONRC Action likely would oppose the award of certain timber sales. Shows fact that Forest Service had process in place to acquire knowledge of risk of awarding sales. Not offered to prove the same claim brought by ONRC Action. |
| 96 | Internal email from Sue Zike stating that DOJ said Forest Service could award "at risk" sales if DOJ was given assessment of risk posed by award and that DOJ's request was made in anticipation of ONRC Action filing a motion for injunctive relief. | Internal document not communicated to ONRC Action. Shows Forest Service's knowledge of the risk that ONRC Action would move for injunctive relief. Shows fact that Forest Service had process in place to acquire knowledge of risk of awarding sale. Not offered to prove the same claim brought by ONRC Action. |

# EXHIBIT A

| Pl.'s Ex. | Description | Reason Admissible Under FRE 408 |
|---|---|---|
| 99 | Internal memorandum providing overview of Forest Service timber program and effects of surveying for Category 2 surveys. | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action and not used by defendant to evaluate or offer settlement terms to ONRC Action. Includes Forest Service's admission that timber sale contracts did not authorize suspensions to survey for survey and manage species. Not offered to prove the same claim brought by ONRC Action. |
| 100 | Internal memorandum that evaluates the litigation advantage of awarding the "at risk" sales identified by ONRC Action. Among the "cons" listed are "forces ONRC Action hand to file TRO/PI" and "may create $$ liability to government if lose case." One of the "pros" is "puts purchaser squarely at the table." | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action and not used by Forest Service to evaluate or offer settlement terms to ONRC Action. Shows Forest Service's knowledge of the risk that ONRC Action would move for injunctive relief. Not offered to prove the same claim brought by ONRC Action. |
| 101 | Internal memorandum that outlines the procedure the Forest Service was to follow to assess the litigation risk of individual sales. The document states that the assessment must be done because "the likelihood of TRO/PI request to the court is very high and we must be ready with our facts and answers." | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action and not used by Forest Service to evaluate or offer settlement terms to ONRC Action. Shows Forest Service's knowledge of the risk that ONRC Action would move for injunctive relief. Not offered to prove the same claim brought by ONRC Action. |
| 110 | Internal email from Forest Service Region 5 Litigation Coordinator Brian Stone stating that for each sale the question must be asked, "Why do we need to got forward with this particular sale NOW, instead of waiting for the conclusion of ONRC litigation?" | Internal document not communicated to ONRC Action and not used by Forest Service to evaluate or offer settlement terms to ONRC Action. Shows Forest Service's knowledge of the risk that ONRC Action would move for injunctive relief. Not offered to prove the same claim brought by ONRC Action. |
| 116 | Letter from Edward Boling to Forest Service and BLM stating that the government has agreed to provide ONRC Action with 10 days notice of any award of "at risk" sales and that before award Forest Service should assess strength of sale compared with the issues raised in ONRC Action's complaint and that award is worth the risk of prompting a motion for injunctive relief. | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action. Shows Forest Service's knowledge of the risk that ONRC Action would move for injunctive relief. Shows fact that Forest Service had process in place to acquire knowledge of risk of awarding sales. Shows that summary judgment schedule was in place and that sales in ONRC Action had to be administratively appealed. Not offered to prove the same claim brought by ONRC Action. |

# EXHIBIT A

| Pl.'s Ex. | Description | Reason Admissible Under FRE 408 |
|---|---|---|
| 118 | Letter from CO Brenda Woodard to Sue Zike notifying Ms. Zike of intent to award plaintiff's sales | Document prepared after settlement discussions ended. Shows Forest Service's belief that plaintiff's sales were involved in the ONRC Action litigation. Not offered to prove the same claim brought by ONRC Action. |
| 119 | Letter from Sue Zike reply to Brenda Woodard's letter in Ex. 118, stating although plaintiff's sales are not on latest ONRC Action "at risk" list, Forest Service still must abide by earlier agreement to notify ONRC Action of the sales. | Shows fact that plaintiff's sales were covered by ONRC Action notification agreement and Umpqua advised to hold off award until ruling on summary judgment. Not offered to prove the same claim brought by ONRC Action. |
| 120 | Internal email from Sue Zike stating that as of May 19, 1999 there were more than 30 sales that the Forest Service was delaying award of because of the threat that they would prompt a motion for injunctive relief by ONRC Action. | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action. Shows Forest Service's knowledge of the risk that ONRC Action would move for injunctive relief on "at risk" sales. Not offered to prove the same claim brought by ONRC Action. |
| 126 | Sue Zike's notes stating that the stipulation with ONRC Action has expired but the Forest Service would hold off awarding 20 sales so as not to lose its "negotiation power." | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Acton. Not offered to prove the same claim brought by ONRC Action. |
| 129 | Internal memorandum summarizing ONRC Action litigation and position on settlement and status of "at risk" sales, including plaintiff's sales. | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action. Shows fact that plaintiff's sales were listed on ONRC Action's "at risk" list as of July 7, 1999 and that Forest Service may need to hold off on award until the court rules. Not offered to prove the same claim brought by ONRC Action. |
| 132A | Internal memorandum regarding status of ONRC Action litigation and stating that ONRC Action submitted lists of "problem" sales that were not disclosed to others | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action. Shows fact that lists of "at risk"/"problem" sales not shared with Scott, or anyone other than ONRC Action. Not offered to prove the same claim brought by ONRC Action. |
| 139 | Internal email from Sue Zike stating that only three of the "at risk" sales are named in the complaint. | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action. Shows fact that lists of "at risk"/"problem" sales not shared with Scott, or anyone other than ONRC Action. Not offered to prove the same claim brought by ONRC Action. |

# EXHIBIT A

| Pl.'s Ex. | Description | Reason Admissible Under FRE 408 |
|---|---|---|
| 141 | Internal email from Sue Zike stating that the DOJ notified ONRC Action of its intent to award certain timber sales in July 1999, including plaintiff's sales. The email goes on to say, "We don't know if ONRC will run to the court for a TRO/PI on these says but DOJ believes it is likely." | Document prepared after settlement discussions ended. Internal document not communicated to ONRC Action and not used by Forest Service to evaluate or offer settlement terms to ONRC Action. Shows Forest Service's belief that award of plaintiff's sales would prompt a motion for injunctive relief. Not offered to prove the same claim brought by ONRC Action. |
| 143A | Internal memorandum proving "rough estimate" of sales affected by August 2, 1999 district court opinion in ONRC Action; attached chart states it is prepared for "[Washington Office] Briefing On Judge Dwyer's August 2, 1999 Ruling." | Internal document not communicated to ONRC Action and not used by Forest Service to evaluate or offer settlement terms to ONRC Action. Not offered to prove the same claim brought by ONRC Action. |
| 154 | Internal memorandum from Edward Boling to Lois Schiffer recommending settlement of ONRC Action. | Independent evaluation of merits of the government's case not analysis of or comment on settlement proposal. Internal document not communicated to ONRC Action and not used by Forest Service to evaluate or offer settlement terms to ONRC Action. At most only "the Settlement Agreement" section of this memorandum is all that implicates FRE 408. Not offered to prove the same claim brought by ONRC Action. Shows payment of fees and expenses in accordance with EAJA. |
| 157 | Letter from Edward Boling to ONRC Action attorneys offering to pay attorneys' fees pursuant to EAJA. | Not offered to prove the same claim brought by ONRC Action. Shows payment of fees and expenses in accordance with EAJA. |
| 158 | Letter from ONRC Action to Edward Boling confirming acceptance of offer to pay attorneys' fees. | Not offered to prove the same claim brought by ONRC Action. Shows payment of fees and expenses in accordance with EAJA. |