# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SCOTT TIMBER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-708C<br>(Judge Lettow) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S THIRD MOTION *IN LIMINE*

In accordance with the Court's Order of May 28, 2008, plaintiff Scott Timber Company ("Scott Timber") respectfully submits this opposition to defendant's third motion in limine. The Court should deny defendant's motion because the "subsequent remedial measures" bar of Federal Rule of Evidence ("FRE") 407 does not apply to the proposed testimony of Randy Pew or plaintiff's proposed trial exhibit nos. 176A and 176B or any other evidence plaintiff proposes to introduce during the trial of this case. Similarly, evidence that it was feasible for the Forest Service to craft language to exculpate itself from contract liability is not irrelevant to the issues before this Court.

"[E]vidence of remedial measures does not run afoul of Rule 407 when it is used to prove the feasibility of a particular measure." M.A. Mortenson Co. v. United States, 40 Fed. Cl. 389, 421 (1998) (quoting Neal & Co., Inc. v. United States, 36 Fed. Cl. 600, 626 n.49 (1996)). Plaintiff proposes to present the testimony of Randy Pew and trial exhibit nos. 176A and 176B to

prove the feasibility of the Forest Service drafting contract language and requiring a purchaser to execute an explicit waiver of liability for the suspension of its contracts.[1] This is expressly allowed under FRE 407 ("This rule does not require the exclusion of evidence of subsequent measures when offered for [the purpose of proving] feasibility of precautionary measures, if controverted").[2] Plaintiff offers this evidence to show the feasibility of the Forest Service employing explicit and direct language to exculpate itself from its own wrongful actions.[3] This testimony is relevant to plaintiff's argument that the Forest Service could have used, but did not use, direct and explicit language to exculpate itself from liability for having to suspend plaintiff's contracts after award due to its unreasonable pre-award conduct.

---

[1]Mr. Pew is expected to testify about the standard terms of the Jenkins timber sale contract and that the Forest Service asked him to (and that he did) sign a Pre-Award Waiver, Release, and Limitation of Liability Agreement for that contract. The agreement is plaintiff's proposed trial exhibit no. 176A. The Jenkins timber sale contract is plaintiff's proposed trial exhibit no. 176B.

[2]See also Scott Timber Co. v. United States, 333 F.3d 1358, 1368 (Fed. Cir. 2003) (reliance on "entirely new and independent clause" that is not a revision or clarification of existing clause appropriate). In Scott Timber, the government had argued that the court could not consider the addition of clause C6.01 to the standard Forest Service timber sale contract as evidence that the parties did not consider clause C6.25 to provide authority to suspend operations. Id. at 1367. While acknowledging that subsequent revision and clarification of contract language which has given rise to disagreement does not constitute an admission, the court rejected the government's argument on the grounds that "[c]lause C6.01 does not refer to clause C6.25 at all." Id. at 1368. Likewise, the explicit waiver of liability included in the Pre-Award Waiver, Release, and Limitation of Liability Agreement plaintiff seeks to introduce as trial exhibit no. 176A does not refer to clause B8.33, a revised version of clause C6.01 included in the Jenkins timber sale contract, at all. Ex. A (Pl. Trial Ex. 176A); Ex. B (excerpt from Pl. Trial Ex. 176B). Scott Timber makes clear that the expected testimony of Mr. Pew and the admission of plaintiff's proposed trial exhibit nos. 176A and 176B is not barred.

[3]It is the law of the Federal Circuit that the government must use explicit and direct language if it wants to attempt to include a provision to exculpate itself from liability for its own wrongdoing. Pl. Mem. of Contentions of Fact and Law at 14.

In Mortenson, the contractor alleged that the government's specifications for the type of pipe to be installed as part of a hydrant system were defective. Mortenson sought to introduce evidence that in a subsequent procurement, the government specified a different, more appropriate type of pipe than the one specified in the disputed contract. In rejecting application of FRE 407 to exclude evidence of the specifications in the subsequent procurement as urged by the government, the court looked to the purpose of the Rule:

> "[T]he primary purpose of the rule prohibiting evidence of remedial measures is twofold – to prevent prejudice to the defendant where the jurors would equate subsequent design modifications to an admission of a defective design; and to further the social policy of encouraging manufacturers to create safer products. The case at bar is not a negligence action involving a consumer product or service, nor is it before a jury. . . . [T]he purpose of Rule 407 would not be served by the exclusion of this evidence. In any event, evidence of remedial measures does not run afoul of Rule 407 when it is used to prove the feasibility of a particular measure."

40 Fed. Cl. at 421 (quoting Neal, 36 Fed. Cl. at 626 n.49 (1996) (internal citations omitted)). As was the case in both Mortenson and Neal, the purpose of Rule 407 would not be served by the exclusion of plaintiff's evidence in the instant case of language used in or the Forest Service's insistence that Mr. Pew execute a Pre-Award Waiver, Release, and Limitation of Liability Agreement for the Jenkins timber sale contract.[4] Also, the testimony of Mr. Pew and plaintiff's proposed trial exhibit nos. 176A and 176B are being offered to prove the feasibility of a

[4]FRE 407 is written in the language of tort, not contract. The public policy underlying FRE 407 also is directed to issues of tort and personal injury. "The rule [principally] rests on . . . a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." FRE 407 advisory committee's notes to 1972 proposed rules. "Rule 407 bars the use of safety measures only when offered to show a belief by the actor that he was guilty of a breach of a duty of care, either under the law of torts or under a criminal statute punishing negligent conduct." Charles Alan Wright, Kenneth W. Graham, Jr., 23 FEDERAL PRACTICE AND PROCEDURE § 5285. The issues in this case have nothing to do with safety or any of the purposes underlying FRE 407. Consequently, it is reasonable to conclude that FRE 407 does not apply to breach of contract claims at all.

particular measure, not to prove the Forest Service's culpable conduct. The evidence is properly admissible and not barred by FRE 407.

The Court should deny defendant's third motion in limine and should not exclude the testimony of Mr. Pew or plaintiff's proposed trial exhibit nos. 176A and 176B.

Respectfully submitted,

s/Gary G. Stevens
GARY G. STEVENS
Saltman & Stevens P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
Phone: (202) 452-2140
Fax: (202) 775-8217

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 16, 2008