**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FOURTH MOTION *IN LIMINE***

The Court should deny defendant's fourth motion in limine because plaintiff Scott Timber Company ("Scott Timber") is not requesting that the Court take judicial notice under Federal Rule of Evidence ("FRE") 201 of the adjudicated facts found and ultimate conclusions in the published opinions in Oregon Natural Resources Council Action v. United States Forest Service ("ONRC Action"), 59 F. Supp. 2d 1085 (W.D. Wash. 1999), and Heartwood, Inc. v. United States Forest Service, 73 F. Supp. 2d 962 (S.D. Ill. 1999). Rather, plaintiff intends to offer the findings of fact and conclusions of law made by the district courts as substantive evidence which plaintiff contends is highly persuasive but not binding on this Court.[1] Cf. Phonometrics, Inc. v. Hospitality Int'l, Inc., 120 Fed. Appx. 341, 344-45 (Fed. Cir. 2005) (upholding trial court's judicial notice of party's statements in another case).

[1]Defendant claims that ONRC Action and Heartwood involve different parties. Def. Fourth Mot. In Limine at 1. Of course, the United States Forest Service is a party common to both of those cases and the instant case.

By offering evidence of the facts found in the two district court opinions, Scott Timber is not attempting, as the government claims, to "short-circuit the requirements of the federal rules of evidence." Def. Fourth Mot. In Limine at 2. Quite the opposite, Scott Timber will merely be asking the Court to accept into evidence the two opinions in order to "eliminat[e ] unjustifiable expense and delay . . . to the end that the truth may be ascertained and proceedings justly determined." FRE 102. Plaintiff is not arguing that the facts and conclusions of the district courts in ONRC Action or Heartwood are binding on this Court under the doctrines of res judicata or collateral estoppel or that by the Court's taking judicial notice of the opinions in these two cases the government is thereby precluded from offering contrary evidence. Plaintiff is seeking to introduce the opinions in these two cases to establish that in each case a United States district court in an adversarial proceeding adjudicated on the administrative record, with full opportunity for the parties to present evidence and argument to the court, reached certain conclusions of fact and law. The fact that these courts made those factual findings and rulings and rejected the Forest Service's arguments and evidence is what we seek to introduce as evidence in this case. Because the instant case is to be tried before a court and not a jury, there is no danger of confusion or of a jury misapprehending the weight that should be given to the findings and conclusions in the ONRC Action and Heartwood opinions. Those findings and conclusions are directly relevant to plaintiff's breach of contract claims, and plaintiff submits that they are strong evidence that the Forest Service acted unreasonably. To exclude the opinions in ONRC Action and Heartwood from the evidence in this case would deprive plaintiff of crucial evidence needed to prove its claims and would not advance the just resolution of this case.

The defendant cites three cases which hold that a court may take judicial notice of the facts and record of an earlier case between the parties heard by the same court. Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969) (decided before enactment of the Federal Rules of Evidence); Biomedical Patent Mgmt. Corp. v. California Dep't of Health Services, 505 F.3d 1328, 1331 n.1 (Fed. Cir. 2007); Harrington v. Vandalia-Butler Board of Educ., 649 F.2d 434, 441 (6th Cir. 1981). Based on these authorities, defendant asserts that "judicial notice of facts found in prior cases is possible only where the prior case involved the same parties and the same court, and involved facts beyond dispute." Def. Fourth Mot. In Limine at 2. These cases do not stand for that proposition. While it is true that in each of these cases judicial notice of facts was taken where the prior cases involved the same parties, the same court and the facts were deemed binding and no longer in dispute, these cases do not hold or in any way establish that this is the only context in which a court may take judicial notice.[2]

As noted, plaintiff does not argue that the rulings and findings of ONRC Action and Heartwood are binding, but it cannot be denied that these rulings and findings occurred in a highly credible context in which the Forest Service had full opportunity to argue to the contrary and present contrary evidence. Nevertheless, the rulings and findings in ONRC Action and Heartwood were adverse to the Forest Service. That this occurred is indisputable and therefore the rulings and findings of ONRC Action and Heartwood are admissible for this purpose.

[2]Two of the cases relied on by defendant, Biomedical Patent Mgmt., 505 F.3d at 1330-32 (deciding whether state's waiver of sovereign immunity in prior cases estopped state from asserting defense in new case raising the same claims as before), and Harrington, 649 F.2d at 435-36, 441 (deciding whether decision in plaintiff's earlier suit against Board of Education that denied compensatory damages precluded suit for same damages under different statute), involve application of res judicata or collateral estoppel. Plaintiff does not argue that the ONRC Action and Heartwood decisions are entitled to preclusive effect as a result of the judicial notice it seeks.

In Trinity River Lumber Co. v. United States, 66 Fed. Cl. 98, 112 (2005), this Court held that the findings of fact in a federal district court decision were relevant evidence to the issue of the reasonableness of the Forest Service's conduct. Similar to the case at bar, Trinity River involved a timber purchaser's breach of contract action against defendant for the suspension of its timber contract caused by the Forest Service's unreasonable conduct. Id. at 99-100. The Forest Service suspended Trinity River's contract due to the decision in Sierra Club v. Bosworth, 199 F. Supp. 2d 971 (N.D. Cal. 2002), which found that the Forest Service had violated the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA") in preparing the environmental impact statement ("EIS") that had authorized operations on Trinity River's timber sale. In its motion for summary judgment on liability Trinity River offered the findings and conclusions of the district court in Bosworth as evidence that the Forest Service had breached its implied duties to cooperate and not to hinder Trinity River's contract. 66 Fed. Cl. at 108. Although the trial court found that on the facts of that case the Bosworth decision alone did not conclusively prove the unreasonableness of the Forest Service in preparing the challenged EIS, the court stated that the Bosworth court's findings were relevant evidence to prove that the Forest Service's actions were unreasonable. Id. at 112.

The findings and opinion of the federal district court in ONRC Action rejecting the Forest Service's various arguments in support of its "NEPA decision equals implementation" interpretation and RTV Directive and the court's conclusion that the Forest Service's adoption of these restrictive interpretations was arbitrary, capricious and contrary to law are directly relevant

to whether the Forest Service breached Scott Timber's contracts. Plaintiff's use of the ONRC Action opinion for this purpose is proper under the Federal Rules of Evidence.[3]

For the reasons discussed above, the Court should deny defendant's fourth motion in limine and allow plaintiff to use as substantive evidence at trial the district court opinions in ONRC Action, Pl. Trial Ex. 143, and Heartwood, Pl. Trial Ex. 149.

Respectfully submitted,

s/Gary G. Stevens
GARY G. STEVENS
Saltman & Stevens P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
Phone: (202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 16, 2008

[3] In Heartwood, environmental plaintiffs challenged the Forest Service's use of a categorical exclusion ("CE") to avoid preparing an Environmental Assessment. The Forest Service presented its best defense of the reasonableness of its actions but the district court still found that the CE was arbitrary and capricious and contrary to law. Operations on all units of Forest Service timber sales authorized under that CE nationwide were enjoined, including one unit of one of the timber sales at issue in this case.