IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

In accordance with the Court's May 28, 2008 Order, defendant respectfully responds to plaintiff's motion in limine.

I. Defendant Does Not Intend To Offer Expert Testimony At Trial

The witnesses plaintiff identifies, John Hickenbottom, Tom Hussey, Cheryl McCaffrey, Larry Larsen, Steve Nelson, Jeff Bohler, and Richard Helliwell, are present or former Government employees who will be testifying as to actions and events occurring within the scope of their employment. They are not expert witnesses. Additionally, with the exception of Jeff Bohler and Richard Helliwell,[1] all of the above-named witnesses are identified as witnesses that plaintiff intends to call. Plaintiff has equally taken no steps to be able to offer expert testimony. To the extent plaintiff asserts that these witnesses are experts, then the Court should preclude both parties from calling these individuals.

Furthermore, with the exception of Jeff Bohler, Richard Helliwell, and Steve Nelson, plaintiff indicates on its witness list that it intends to elicit from these witnesses only testimony concerning events and actions prior to the award of the Jigsaw, Whitebird, and Pigout timber sale

[1] Defendant identified both Mr. Bohler and Mr. Helliwell in its response to plaintiff's interrogatory requests.

contracts. Therefore, as previously stated in our memorandum of contentions of fact and law and in our first motion in limine, events and actions of the Forest Service preceding the award of these contracts are irrelevant, and should be excluded on that basis.

## II. Defendant Does Not Intend To Raise An Affirmative Defense

Plaintiff does not identify any of defendant's proposed evidence that should be excluded as supporting an affirmative defense. Plaintiff may be attempting to characterize, as an affirmative defense, the defendant's evidence that plaintiff had specific knowledge of the ONRC Action lawsuit and general knowledge of the prevalence of environmental litigation and its impact on timber sales. This is incorrect. Plaintiff contends that it was in an inferior bargaining position with respect to the Forest Service when it signed the Jigsaw, Whitebird, and Pigout contracts because it lacked specific knowledge of the ONRC Action litigation, and claims ignorance of any other environmental litigation that routinely affects timber sale contracts.

Defendant intends to introduce evidence directly refuting this claim, including that plaintiff had both specific knowledge of the ONRC Action lawsuit through the existence of timber industry newsletters and discussions with Forest Service personnel, and other knowledge of the potential impact of environmental litigation on timber sale contracts. See Scott Timber Co. v. United States, 333 F.3d 1358 (Fed. Cir. 2003); Scott Timber Co. v. United States, 40 Fed. Cl. 492, 496 (1998) (alleging breach of contract after the Forest Service suspended contract performance in response to a temporary restraining order issued to protect the marbled murrelet); In re Scott Timber Co., Inc., 00-1 BCA ¶ 30,760 (Feb. 4, 2000) (challenging a deemed denial of Scott's claim for damages after the Bureau of Land Management ("BLM") suspended performance in accordance with a temporary restraining order after a district court found the

BLM did not comply with environmental law). This evidence, offered to contravene a specific position taken by plaintiff, does not constitute an affirmative defense.

III. Evidence Regarding The Timber Industry's Involvement With The Standard Timber Sale Contracts Is Relevant

At trial, defendant intends to offer the testimony of Richard Fitzgerald and documents establishing that the timber industry has participated in the drafting of specific language contained in the standard form timber sale contract used by the Forest Service, including clause CT6.01, which is contained in the Jigsaw, Whitebird, and Pigout timber sale contracts. This evidence is offered to refute plaintiff's argument that these timber sale contracts are contracts of adhesion. Plaintiff's own argument, therefore, has made this evidence relevant.

Plaintiff's argument is that the Forest Service is the sole drafter of these timber sale contracts. Mr. Fitzgerald's testimony and related documentary evidence refutes plaintiff's argument by demonstrating that the Forest Service requested and considered input from the timber industry when drafting the standard timber sale contract. We disagree that it is necessary to establish the existence of an agency relationship to make the Government's proffered evidence relevant. Indeed, by arguing that it is necessary to establish an agency relationship between Scott and any particular timber industry group, plaintiff, in effect, concedes that Forest Service was not the sole drafter of the standard timber contract within the laws governing the formulation of regulation and policy.

For these reasons, we respectfully request that plaintiff's motion in limine be denied.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

June 16, 2008

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 16th day of June, 2008, a copy of "Defendant's Opposition to Plaintiff's Motion In Limine" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch
ELLEN M. LYNCH