IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER CO., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 05-708C (Judge Lettow) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE***

## I. The Court Should Grant Part I Of Plaintiff's Motion In Limine

Defendant states affirmatively that it does not intend to offer any expert testimony at trial. Consequently, defendant does not oppose part I of plaintiff Scott Timber Co.'s ("Scott Timber") motion in limine. Plaintiff therefore respectfully requests that the Court issue an order directing defendant and its witnesses not to offer any expert testimony at trial.

## II. The Court Should Grant Part II Of Plaintiff's Motion In Limine

Defendant states affirmatively that it does not intend to raise any affirmative defenses. Consequently, defendant does not oppose part II of plaintiff's motion in limine. Plaintiff therefore respectfully requests that the Court issue an order prohibiting defendant from offering any evidence regarding any affirmative defenses or arguing after trial that any affirmative defense was actually tried.[1]

[1] We feel compelled to object to defendant's continuing incorrect characterization of some of plaintiff's contentions. As outlined in our memorandum of contentions of fact and law,

## III. The Court Should Grant Part III Of Plaintiff's Motion In Limine

Defendant seeks to present testimonial and documentary evidence "establishing that the timber industry has participated in the drafting of specific language contained in the standard form timber sale contract used by the Forest Service, including clause CT6.01." Def. Opp. at 3. According to defendant, this evidence is offered to refute plaintiff's argument that the contracts are adhesion contracts. Yet defendant does not even acknowledge the case law in the Court of Claims and this Court which establishes that Forest Service timber sale contracts are contracts of adhesion. E.g., Everett Plywood Corp. v. United States, 651 F.2d 723, 720 (Ct. Cl. 1981); Precision Pine & Timber, Inc. v. United States, 50 Fed. Cl. 35, 66 (2001); Seaboard Lumber Co. v. United States, 41 Fed. Cl. 401, 408 (1998).

Defendant also does not proffer any testimonial or documentary evidence to dispute that the Forest Service presented the three timber sale contracts which are the subject of this action to Scott Timber on a take-it-or-leave-it basis. See Pl. Motion at 6-7 & cases cited therein. Instead, defendant proffers evidence only to support the proposition that the Forest Service "requested and considered input from the industry when drafting the standard timber sale contract." Def. Opp. at 3. Such evidence is simply not relevant to the proper interpretation of the liability limiting provisions ultimately included by the Forest Service in clause CT6.01. Defendant's contention that plaintiff has made evidence of third-party communications relevant by its citation

---

plaintiff alleges, among other things, that the Forest Service kept secret its knowledge that the ONRC Action plaintiffs made specific threats against any operation of Pigout, Whitebird, and Jigsaw before the Forest Service decided to award these timber sale contracts to plaintiff. By failing to inform plaintiff of these specific threats to the sales, the Forest Service assumed the risk that it would have to suspend the contracts after award. Plaintiff does not claim that it was unaware generally that litigation and administrative appeals instituted by environmental activists could lead to adverse effects on federal timber sales.

to case law which establishes that Forest Service timber sale contracts are contracts of adhesion is without merit.

Defendant has proffered absolutely no evidence whatsoever to tie Scott Timber to any input provided by the "timber industry" on the standard Forest Service timber sale contract. Instead, defendant simply "disagree[s] that it is necessary to establish the existence of an agency relationship" to make its proposed evidence relevant and contends that by arguing that an agency relationship is necessary, plaintiff concedes that the Forest Service was not the sole drafter of the contract.[2] Def. Opp. at 3. Plaintiff's argument concedes nothing. As outlined in plaintiff's motion, the Forest Service's consideration of industry comments on contract language does not transform the nature of the contract or somehow make the commenting parties joint drafters of the contract along with the Forest Service, even if defendant could tie those comments to Scott Timber. See Pl. Motion at 6-7.

Defendant also proffers no rationale whatsoever for the overbreadth and generality of its proposed evidence. The focus in this case is on the proper interpretation of clause CT6.01. Even assuming that some of defendant's evidence regarding the comments provided by the "timber industry" on contract clause CT6.01 were relevant, any comments regarding clauses other than the clause at issue in this case have no relevance, nor does any evidence of timber industry comments after the October 1996 issue date of the clause included in Scott's contracts.

[2]By disagreeing that it is necessary to establish the existence of an agency relationship, defendant in effect proffers that it will make no effort to establish an agency relationship at trial and that it will depend totally on evidence that industry groups commented on the text of clause CT6.01.

Defendant did not even offer the Court any comment on this portion of plaintiff's motion in limine.

The Court should grant Part III of plaintiff's motion in limine and preclude the testimonial and documentary evidence regarding the input provided to the Forest Service by the "timber industry" as irrelevant. In the alternative, at a minimum, the Court should limit any such evidence to that related to clause CT6.01 and to the time period before October 1996.[3]

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 17, 2008

[3]Defendant proposes Richard O. Fitzgerald as its witness who will testify at trial regarding the development of the Forest Service's timber sale contracts. Mr. Fitzgerald's identity was not disclosed before defendant produced its witness list in accordance with Appendix A, paragraph 13(b). Accordingly, plaintiff has subpoenaed Mr. Fitzgerald for deposition on June 24, 2008. A favorable ruling on plaintiff's motion may eliminate the need for plaintiff to take Mr. Fitzgerald's deposition.