IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION IN LIMINE**

In accordance with the Court's May 28, 2008 Order, defendant respectfully submits its reply to plaintiff's response to our first motion in limine. In responding to our motion, plaintiff contends that we are seeking to prevent it from proving its theories of liability at trial. This is incorrect. Instead, we want to emphasize that this claim is properly analyzed as a breach of contract action, and plaintiff's introduction of evidence relating to the Forest Service's pre-award actions, is, therefore, improper.

Plaintiff contends that the United States Court of Appeals for the Federal Circuit's decision in Scott Timber Co. v. United States does not limit consideration of pre-award activities to situations where the Government is found to have caused a suspension of unreasonable duration. Scott Timber Co. v. United States, 333 F.3d 1358 (Fed. Cir. 2003). However, the language plaintiff cites supports our position that the pre-award conduct is relevant only to the duration of the suspension. As plaintiff recognizes, the Federal Circuit found that Scott Timber might be able to prove that the Forest Service "might have greatly reduced the time of the suspensions if it had conducted surveys before awarding the contracts." Id. at 1369 (emphasis added); Pl.'s Response To Def.'s First Motion In Limine at 2.

In a footnote, plaintiff asserts that we have mischaracterized the Federal Circuit's Scott decision because Scott did not determine that the reasonableness inquiry only applies to the duration of a suspension. Id. at 3, n.3. Plaintiff is incorrect. The Federal Circuit outlined the underlying case, and noted that "[c]ontract clause[] C[T]6.01 . . . did not grant unlimited authority to suspend operations, but only authority to suspend for a reasonable duration." Scott Timber Co. v. United States, 333 F.3d at 1364. Furthermore, in Precision Pine & Timber Co. v. United States, another judge of this Court determined that the Forest Service breached the implied duty to cooperate with regard to its pre-contract conduct because the contract contained an explicit warranty (clause C[T]6.25), and, "even if there is no specific warranty, an unreasonable delay that is caused in some way by the Government can breach the implied duty not to hinder." Precision Pine & Timber Co. v. United States, 50 Fed. Cl. 35, 59 (2001) (citing Cedar Lumber, Inc. v. United States, 5 Cl. Ct. 539, 549-50 (1984)).

The cases plaintiff cites in support of its position that the Forest Service's pre-contract conduct is relevant here are inapposite. In Trinity River, another judge of this Court determined that the "implied duties prevent the Forest Service from suspending contracts indefinitely in order to comply with a court order if its own unreasonable or wrongful actions caused the court order to be imposed, or if it unreasonably delayed in remedying the offending circumstances." Trinity River Lumber Co. v. United States, 66 Fed. Cl. 98, 108 (2005) (emphasis added). The duration of the suspension is explicit in this determination. Another case cited by plaintiff notes that the Forest Service "was not authorized to suspend H.N. Wood's Contract indefinitely in order to comply with a court order if its own unreasonable or wrongful actions caused the court order to be imposed in the first place, or if it unreasonably delayed in remedying the offending

circumstances." H.N. Wood Products, Inc. v. United States, 59 Fed. Cl. 479, 487 (2003) (emphasis added). Once again, the duration of the suspension is explicit in this determination.

Plaintiff further relies upon a number of administrative cases from the Agriculture Board of Contract Appeals ("AGBCA"). These cases are less persuasive than the authority cited above, because AGCBA decisions are not binding upon this Court. Wetsel-Oviatt Lumber Co., Inc. v. United States, 38 Fed. Cl. 563, 569 (1997). Furthermore, not one of the AGBCA cases reached a final decision. Shawn Montee, Inc., dba Shawn Montee Timber Company, AGBCA Nos. 2003-132-1 through 2003-136-1, 04-1 BCA ¶ 32,564 (2004) (denying both appellant's motion and the Government's cross-motion for summary judgment); Tamarack Mills, LLC, AGBCA Nos. 2003-115-1 and 2003-116-1, 04-1 BCA ¶ 32,591 (2004) (denying appellants motion for summary judgment); Mountain Valley Lumber, Inc., AGBCA No. 2003-171-1, 06-2 BCA ¶ 33,339 (2006) (issuing a decision granting appellant's motion for sanctions).

Finally, plaintiff asserts that CT6.01 would not be rendered void or meaningless if it were found not to apply in this case. Plaintiff asserts that another judge of this Court expressly rejected this argument in Precision Pine & Timber Co. v. United States, 50 Fed. Cl. 35, 61 (2001). In that case, the Court found that the contract permitted suspension pursuant to a court order, and further noted that there were situations "in which a suspension would not have occurred because of unreasonable delay . . . . even if the Forest Service had violated a statute or regulation, this would not ipso facto mean that there was an unreasonable delay." Id. Precision Pine considered clause CT6.01 in the context of the duration of the suspension, and, in that case, determined that the clause is not rendered void or meaningless. Plaintiff misinterprets Precision Pine, where the Court focused on the duration of the suspension in connection with CT6.01.

The fact that CT6.01 might also apply in other situations merely means that there is more than one situation where the authority provided can be exercised by the Forest Service. Contracts must be interpreted "as a whole and 'in a manner which gives reasonable meaning to all its parts and avoids conflict or surplusage of its provisions.'" Gardiner, Kamya & Assoc., P.C. v. Jackson, 467 F.3d 1348, 1353 (Fed. Cir. 2006) (citing United Int'l Investigative Serv. v. United States, 109 F.3d 734, 737 (Fed. Cir. 1997)). Because plaintiff's interpretation of clause CT6.01 does not give effect to all its parts – specifically, the section that authorizes the Forest Service to suspend the contract to comply with a court order – the Court must reject plaintiff's strained interpretation of clause CT6.01.

Defendant, therefore, respectfully requests that the Court issue an order ruling that all the evidence – both documentary and testimonial – relating to the Forest Service's pre-contract conduct is inadmissible in this case.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

June 18, 2008 Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 18th day of June, 2008, a copy of "Defendant's Reply to Plaintiff's Response To Defendant's First Motion In Limine" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ellen M. Lynch
ELLEN M. LYNCH