IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 05-708C<br>Judge Lettow |
| UNITED STATES, | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S FOURTH MOTION IN LIMINE**

The United States, defendant in this action, respectfully requests that the Court grant its fourth motion in limine and enter an order that all evidence relating to Heartwood, Inc. v. Forest Service, 73 F. Supp.2d 962 (S.D. Ill. 1999), identified by plaintiff Scott Timber Company ("Scott") as trial exhibit 149, and ONRC Action et al. v. Forest Service, 59 F. Supp.2d 1085 (W.D. Wash. 1999), identified by plaintiff as trial exhibit 143, is inadmissible.

A. The Court May Not Take Judicial Notice Of Findings Of Fact Made By Another Court In Another Case

As we established in our opening brief, plaintiff, Scott Timber ("Scott") may not short-circuit the requirements of the federal rules of evidence. Federal Rule of Evidence ("Fed. R. Evid.") 201(b) provides that a court may take judicial notice of facts outside the trial record that are "not subject to reasonable dispute." The rule defines the kinds of facts of which judicial notice may be taken as

> either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned.

Id. Moreover, In a civil case, the jury is to be instructed that a judicially noticed fact is to be accepted as conclusive. Fed. R. Evid. 201(g). Another restriction on the doctrine of judicial notice is that it may be taken only of "adjudicative facts," not conclusions of law. Fed. R. Evid. 201(a).

Based upon this rule, it has been established that "'[a] court may take judicial notice of a document filed in another court 'not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (citing Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1991)(holding that facts contained in a bankruptcy court order were an improper subject for judicial notice)(other citations omitted). This is because facts

> adjudicated in a prior case do not meet either the test of indisputability contained in [Fed. R. Evid.] 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.

Id. (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(holding that findings concerning the defendant's work habits made by another district court in a separate litigation were not sufficiently indisputable to be judicially noticed) (other citations omitted).

Scott cites no authority to the contrary. The only case Scott offers as support for its position is Phonometrics, Inc. v. Hospitality Int'l, Inc., 120 Fed. Appx. 341 (2005), which is an unpublished opinion not citable as precedent. Fed. Cir. R. 47.6. Moreover, even if it were valid precedent, it does not support Scott's position here. In Phonometrics, the district court took judicial notice of prior statements made by Phonometrics chief executive officer and its counsel that were contained in a transcript of a prior court proceeding. Id. Thus, it provides no support

for Scott's argument that this Court should receive, as substantive evidence, the entire opinions of two different courts in two prior actions in which Scott did not participate.

B. There Is No Authority To Admit Prior Case Opinions As Substantive Evidence

It is beyond argument that Scott, as the plaintiff, has the burden of proving that the Forest Service breached the Jigsaw, Pigout, and Whitebird timber sale contracts. Technical Assistance Int'l v. United States, 150 F.3d 1369, 1373 (Fed. Cir. 1998)(citing Perry v. Dep't. of the Army, 992 F.2d 1575, 1577 (Fed. Cir. 1993). Yet, in asking the Court to rely upon prior opinions of other courts as substantive evidence of fact in this case, Scott essentially requests the Court to relieve it of its burden to enter primary evidence into the trial record, and instead allow it to offer opinions from prior cases as labor-saving, pre-fabricated bundles of facts. Generally, when out-of-court statements are offered for the truth of the matter asserted therein they are excluded as hearsay. Fed. R. Evid. 801(c); 802. Scott has identified no exception to the hearsay rule to allow it to introduce the factual findings of another court for their truth, i.e., as substantive evidence, nor is there any such exception.

Nor does the doctrine judicial notice offer Scott any assistance here. As we established above and in our opening brief, judicial notice of facts found in prior cases is possible only where the prior case involved the same parties and the same court, and involved facts beyond dispute. See e.g., Harrington v. Vandalia-Butler Board of Educ., 649 F.2d 434, 441 (6th Cir. 1981). Scott challenges this conclusion, but cites to no case where a court took judicial notice of a prior legal proceeding where the two legal actions involved different parties. Scott's reliance upon Trinity River Lumber Co. v. United States, 66 Fed. Cl. 98 (2005) is misplaced and disingenuous. A review of the Court's opinion in Trinity River reveals only that it cites Sierra

Club v. Bosworth, 199 F. Supp. 2d 971 (N.D. Cal. 2002), not that it relied upon any factual finding made by the district court, and certainly not that it took judicial notice of any facts from any other case.

In short, Scott offers no support for its request to import the findings of fact of the United States District Courts for the Western District of Washington and the Southern District of Illinois, in two different unrelated cases. Scott's request is contradicted by plain meaning of Fed. R. Evid. 201(b), and should be denied.

For the foregoing reasons, we respectfully request that the Court issue an order ruling that Scott's attempt to use the reported opinions in Heartwood, Inc. v. Forest Service, 73 F. Supp.2d 962 (S.D. Ill. 1999), identified by Scott as trial exhibit 149, and ONRC Action et al. v. Forest Service, 59 F. Supp.2d 1085 (W.D. Wash. 1999), identified by Scott as trial exhibit 143, as substantive evidence be denied in this case.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

OF COUNSEL:

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

June 18, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this the 18th day of June, 2008, a copy of the above Defendant's Fourth Motion In Limine was served electronically. I understand that parties may access this document through the Court's electronic filing system.

/s/Joan M. Stentiford
Joan M. Stentiford