IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No.05-708C

(Filed: June 19, 2008)

SCOTT TIMBER COMPANY,

Plaintiff,

v.

UNITED STATES,

Defendant.

ORDER

The government's first motion *in limine*, filed June 10, 2008, seeks to exclude all evidence at trial relating to actions taken by the U.S. Forest Service prior to the award of the three contracts at issue in this case. The government supports its request on two grounds, each of which focuses on the contract law principle of the implied duty of good faith and fair dealing. First, the government claims that there is no implied duty of good faith and fair dealing with regard to pre-award actions and that plaintiff's evidence about the Forest Service's pre-award actions is therefore irrelevant. Defendant's First Motion *in Limine* ("Def.'s 1st Mot.") at 1-2. The government further avers that its pre-award actions could not breach the implied duty of good faith because the express terms of the contract (clause CT6.01) empower it to suspend the contract, regardless of any impact its own pre-award conduct may have had on the likelihood that a suspension would be required or on such suspension's duration. *Id.* at 2-3. Plaintiff responds by contending that the government's position is foreclosed by precedent binding on this court, specifically the Federal Circuit's opinion in *Scott Timber Co. v. United States*, 333 F.3d 1358, 1368-70 (Fed. Cir. 2003).

In *Scott Timber*, the Federal Circuit held that pre-award actions and decisions by the Forestry Service constituted appropriate evidence in evaluating the reasonableness of Forestry Service-initiated contract suspensions. 333 F.3d at 1368-70. In denying the parties' cross-motions for summary judgment, the court noted that the following pre-award evidence (and valid inferences drawn from that evidence) could lead a rational finder of fact to conclude that the contract suspensions were unreasonable:

(1) The Forestry Service knew that a certain bird species lived on the land for which it was about to award timber contracts;

(2) The Forestry Service knew that the same species of bird was likely to be listed as a "threatened species" in the near future; and

(3) The Forestry Service decided to award the timber contracts without surveying the land inhabited by the bird species in question.

*Id.* at 1369-70.

The government counters by arguing that *Scott Timber* "establishes that the only possible breach the plaintiff could prove is a breach resulting from the *duration* of the suspension" and that the pre-award evidence is therefore irrelevant. Def.'s 1st Mot. at 5 (emphasis added). However, the court in *Scott Timber* specifically noted that a pertinent task was to "'determine whether the suspensions were reasonable.'" *Scott Timber*, 333 F.3d at 1368 (quoting *Scott Timber v. United States*, 40 Fed. Cl. 492, 502 (1998), which cited *Thomas Creek Lumber & Log Co. v. United States*, 32 Fed. Cl. 787, 790 (1995) ("It is a well-established principle of law that a party vested with contractual discretion must exercise his discretion reasonably.")). The Federal Circuit's language neither explicitly stated nor implied that pre-award evidence could be used for the sole and exclusive purpose of evaluating the reasonableness of suspension *duration*. *See id.* at 1368-70.

Consequently, the government's first motion *in limine*, seeking exclusion of all evidence relating to the U.S. Forestry Service's pre-award actions, is DENIED.

It is so **ORDERED**.

s/ Charles F. Lettow
Judge