IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-708C

(Filed: June 19, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * *

SCOTT TIMBER COMPANY, )

Plaintiff, )

v. )

UNITED STATES, )

Defendant. )

* * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

Defendant's Fourth Motion *In Limine*, filed on June 10, 2008, requests that the court exclude from trial all evidence relating to the reported opinions in *Heartwood, Inc. v. Forest Service*, 73 F. Supp. 2d 962 (S.D. Ill. 1999), and *ONRC Action et al. v. Forest Service*, 59 F. Supp. 2d 1085 (W.D. Wash. 1999). Defendant contends that because the reported opinions were entered in litigation in other courts involving different parties, plaintiff cannot employ them as substantive factual evidence. Plaintiff responds that it is not contending that facts and conclusions in the cited opinions are binding on this court but rather that it is "seeking to introduce the opinions in these two cases to establish that in each case a United States district court in an adversarial proceeding adjudicated on the administrative record, with full opportunity for the parties to present evidence and argument to the court, reached certain conclusions of fact and law." Pl.'s Resp. to Def.'s Fourth Mot. *In Limine* at 2.

Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicially noticing the truth of factual findings in the reported decisions would amount to issue preclusion, and that conclusiveness would not be appropriate in this case. However, the outcome of, rather than particular facts found in, the cited cases is "capable of accurate and ready determination" through the court opinions, and thus the outcome is subject to judicial notice.

Accordingly, at trial the court may take judicial notice of the existence of the outcomes in the two district court opinions at issue. Defendant's fourth motion *in limine* is therefore DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Judge