IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-708C

(Filed: June 19, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * *

SCOTT TIMBER COMPANY,

Plaintiff,

v.

UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

Defendant's Second Motion *In Limine*, filed on June 10, 2008, requests that the court exclude from trial all evidence related to settlement negotiations between the government and the plaintiff in *ONRC Action et al. v. Forest Service*, 59 F. Supp. 2d 1085 (W.D. Wash. 1999). Settlement discussions reportedly took place between the parties in the *ONRC* case from July 1998 through early December 1998. Plaintiff represents that it seeks to adduce evidence at trial that would support a finding that the Forest Service knew that it was acting contrary to the Northwest Forest Plan when it awarded the three timber sales at issue. A number of the pertinent documentary exhibits apparently consist of internal communications between governmental officials and counsel relating to strengths and weaknesses of aspects of the government's defense to the *ONRC* action. In this respect, plaintiff avers that defendant has waived any applicable attorney-client privilege or work-product protection for many of the documents and records at issue, citing *Blue Lake Forest Prods., Inc. v. United States*, 75 Fed. Cl. 779, 798-99 (2007).

Because different categories of documents and records are involved, and Fed. R. Evid. 408 may pertain to some of these categories or individual documents but not others, it does not appear possible now to issue a ruling on the pending *in limine* motion that would demarcate the boundary between materials subject to the evidentiary rule and those that are not. Accordingly, defendant's second motion *in limine* is DENIED without prejudice to renewal of objections at trial to testimony or documentary evidence that may be subject to Fed. R. Evid. 408.

It is so ORDERED.

s/ Charles F. Lettow
Judge