IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-708C

(Filed: June 20, 2008)

SCOTT TIMBER, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

FINAL PRE-TRIAL ORDER

Pursuant to Rule 16(e) of the Rules of the Court of Federal Claims, this Final Pre-Trial Order recites the actions taken during the pre-trial conference conducted in this case on June 20, 2008.

1. (a.) Trial is scheduled for June 30 - July 18, 2008. From June 30 - July 2, 2008, trial will be held at the National Courts Building in Washington D.C. and will begin at 9:30 a.m. and conclude at approximately 5:30 p.m. each business day.

   (b.) From July 7 - 18, 2008, trial will be held in Courtroom 2 of the United States Bankruptcy Court for the District of Oregon, Congress Center, 1001 SW 5th Avenue, in Portland, Oregon. Trial will begin at 9:30 a.m. on July 7 and at 9:00 a.m. on July 8-18 and will conclude at approximately 4:45 p.m. each business day. The parties will have access to the courthouse beginning at 8:30 a.m. each business day from July 7-18. Upon arriving at the Bankruptcy Court each day, the parties should proceed to the 7th floor, where they will pass through security before proceeding to Courtroom 2; all individuals passing through security will be required to present valid photo identification.

2. (a.) Plaintiff and defendant shall each be allotted 40 hours for the presentation of evidence.

   (b.) Such allotments will not include time spent engaging in arguments on evidentiary motions, time spent by the court asking questions of witnesses, or time spent addressing housekeeping details.

3. Opening statements will be made on June 30, 2008. Each side shall have 15 minutes for this purpose.

4. The parties have indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits. All documents produced in discovery are presumed to be authentic other than handwritten notes, which will be deemed authentic if supported by appropriate testimony. The presumption of authenticity may be rebutted by appropriate evidence.

5. If a witness listed in either party's witness list is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall that witness during its case in chief to testify concerning the factual foundation relating to the admissibility of that document.

6. The parties shall provide to the court at the outset of the trial two copies of a list containing the following three columns: (1) the identifying number for each exhibit, (2) a blank space for the court to enter the name of the witness through whom the exhibit is sought to be admitted, and the names of the witnesses who otherwise address the exhibit, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

7. During trial, the original "stickered" version of exhibits shall be provided to the witnesses, and thereafter exhibits admitted into evidence shall be maintained by the reporter as part of the official record of the trial. The court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the court and clerk during the examination of the pertinent witnesses and thereafter.

8. To constitute part of the factual record, each exhibit must be formally moved into evidence and admitted into evidence.

9. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

10. Counsel should stand when addressing the court, and in particular, when raising objections or seeking to be heard during testimony.

11. Plaintiff has invoked Fed. R. Evid. 615, except that the representatives of the parties, whom the parties shall designate at the start of trial on June 30, 2008, may be present during the testimony of other witnesses.

12. For witnesses called by more than one party, the parties have agreed, and the court has accepted, that the scope of cross-examination of such witnesses may exceed the scope of direct examination, provided that no examination may extend beyond the scope of the subject-matter descriptions provided on the parties' witness lists.

A schedule for post-trial briefing and closing argument shall be arranged at the close of trial.

It is so ORDERED.

s/ Charles F. Lettow
Judge