IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER CO., Plaintiff, v. THE UNITED STATES, Defendant. | ) | Case No. 05-708C (Judge Lettow) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR A STATUS CONFERENCE TO CLARIFY THE SCOPE OF THE TELEPHONIC DEPOSITION OF PAUL BROUHA SCHEDULED FOR TODAY, MONDAY JUNE 23, 2008 AT 4:30 PM

Defendant responds to plaintiff's emergency motion for a status conference to clarify the scope of the telephonic deposition of Paul Brouha as follows:

(1) In plaintiff's motion for an order authorizing trial subpoenas for witnesses who reside more than 100 miles from the place of testimony, plaintiff states that Mr. Brouha's testimony would be required "with regard to the plaintiff's exhibit known as the 'Brouha Memorandum' (Pl. Ex. 109) . . . ." Pl.'s Motion For Trial Subpoenas at 3.

(2) In plaintiff's reply to defendant's opposition to plaintiff's motion for an order authorizing trial subpoenas, plaintiff stated that Mr. Brouha's testimony is "critical to plaintiff's case because Mr. Brouha is the author of part of the 'Brouha Memorandum.'" The Brouha Memorandum is designated as plaintiff's trial exhibit 109. Plaintiff further stated in its reply "Mr. Brouha is necessary to authenticate the Brouha Memorandum and explain portions of it to the Court. Without Mr. Brouha's testimony plaintiff would likely not have another witness through whom it can authenticate and gain admission of this important piece of

evidence." Pl.'s Reply at 3-4.

(3) Clearly, plaintiff's stated reason for requesting Mr. Brouha's deposition one week before trial was limited to authentication of and explanation regarding the Brouha Memorandum. Based upon the exhibits plaintiff provided for Mr. Brouha's deposition, plaintiff apparently intends to exceed the limited scope of its initial request for Mr. Brouha's testimony.

(4) Additionally, plaintiff represented to defendant's counsel that he would forego taking Mr. Brouha's deposition if defendant's counsel would agree that the Brouha Memorandum could be stipulated into evidence. Therefore, limiting the scope of Mr. Brouha's deposition should not pose a problem for the plaintiff.

(5) The existence of both Mr. Brouha and the so-called Brouha Memorandum have been known to the plaintiff since at least 2005. The complaint in this case was filed on June 30, 2005, and discovery remained open in this case until January 2007. Plaintiff has therefore had ample opportunity to depose Mr. Brouha in the ordinary course of discovery. There is basis for allowing plaintiff to take a full discovery deposition of a previously known witness.

(6) The only basis for allowing plaintiff to take any testimony from Mr. Brouha was as a result of the plaintiff's motion for trial subpoenas, which contained the limited request described above. The scope of Mr. Brouha's deposition should be limited to discussion and authentication of the Brouha Memorandum.

For these reasons, defendant respectfully requests an order limiting the scope of Mr. Brouha's

deposition to authentication and discussion of the Brouha Memorandum, identified as plaintiff's trial exhibit 109.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Fax: (202) 514-8624

June 23, 2008 Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 23rd day of June, 2008, a copy of "Defendant's Response to Plaintiff's Emergency Motion For A Status Conference To Clarify The Scope of The Telephonic Deposition Of Paul Brouha" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford
JOAN M. STENTIFORD