**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO QUASH
PLAINTIFF'S TRIAL SUBPOENA FOR JOAN STENTIFORD

The United States, defendant in the above-captioned action moves to quash the trial subpeona issued to Joan Stentiford. Ms. Stentiford is lead counsel for the United States in this case, and has no non-privileged, relevant testimony to offer in this case.

Plaintiff issued a subpoena to Ms. Stentiford seeking to compel her appearance to testify at the trial of this case. As stated on the plaintiff's witness list, plaintiff seeks Ms. Stentiford's testimony on the following subjects:

> Authentication of documents provided by defendant in discovery and verification of the dates and authors of those documents, the agency files from which they were produced, and the requests for production to which they were responsive. . .

Plaintiff's Witness List p. 7.

Ms. Stentiford is not a competent witness on any of the topics identified by plaintiff. As counsel for the defendant, any information or knowledge Ms. Stentiford may have regarding the defendant's production of documents, including the relationship between the documents and the defendant's responses to plaintiff's discovery requests is protected by the attorney client work-product privilege, as it would necessarily entail disclosure of her "mental impressions, conclusions, opinions, or legal theories" as the legal representative of the United States, which

the Court is required to protect from disclosure absent a showing of undue hardship by the plaintiff. In re Echostar Communications Corp. 448 F.3d 1294, 1302 (Fed. Cir. 2006) (citing In re Martin Marietta Corp., 856 F2d 619, 626 (4th Cir. 1998) (other citations omitted).

Here, plaintiff has not shown even that Ms. Stentiford possesses knowledge relevant to any topic identified by the plaintiff, much less undue hardship. Ms. Stentiford is not the custodian of any of document produced in discovery, therefore she cannot be the source of any authentication.[1] Ms. Stentiford has no independent, personal knowledge of the dates or authors of any document, and therefore she cannot be the source of any verification of such information.

Additionally, to the extent the Government's responses to plaintiff's request for production of documents involved communications between Ms. Stentiford and her client, concerning the responsiveness of documents produced by the Government, those communications are protected by the attorney-client privilege, of which there has been no waiver. Id.

Plaintiff cannot demonstrate any basis for Ms. Stentiford's proposed testimony, much less undue hardship if it is deprived of it. Verification of dates and authors of documents is properly established by eliciting testimony from witnesses with personal knowledge of the creation of those documents, not from the attorney advising a client about discovery responses. Fed. R. Evid. 602; 901(1).

[1]Additionally, the parties have agreed, and the Court has ordered, that there are no objections to any document based on authenticity. See Final Pretrial Order entered June 20, 2008.

For the foregoing reasons, defendant respectfully requests that the Court issue an order quashing the subpoena served on Joan Stentiford, the attorney of record for the defendant in this case.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

OF COUNSEL:

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

JOAN M. STENTIFORD
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Attorneys for Defendant

June 26, 2008

Certificate of Filing

I hereby certify that on this 26th day of June, 2008, a copy of "Defendant's Motion to Quash Plaintiff's Trial Subpoena for Joan Stentiford. " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford
Joan M. Stentiford