**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S MOTION TO QUASH</u>
<u>PLAINTIFF'S TRIAL SUBPOENA FOR CARL HOLTON</u>

The United States, defendant in the above-captioned action moves to quash the trial subpeona issued to Carl Holton. Mr. Holton is a paralegal employed by the United States Department of Justice, and has no relevant testimony to offer in this case.

Plaintiff issued a subpoena to Mr. Holton seeking to compel his appearance to testify at the trial of this case. As stated on the plaintiff's witness list, plaintiff seeks Mr. Holton's testimony on the following subjects:

> Authentication of documents provided by defendant Department of Justice in discovery and verification of the dates and authors of those documents, the agency files from which they were produced, and the adequacy of defendant's search efforts. . .

Plaintiff's Witness List p. 6.

Mr. Holton is not a competent witness on any of the topics identified by plaintiff. As a paralegal working for the Department of Justice, Mr. Holton is not the custodian of any documents produced by the Government in discovery. As such, Mr. Holton cannot be the source of any authentication.[1] Similarly, Mr. Holton has no independent, personal knowledge of the dates or authors of any document, and therefore he cannot be the source of any verification of

[1]Additionally, the parties have agreed, and the Court has ordered, that there are no objections to any document based on authenticity. See Final Pretrial Order entered June 20, 2008.

such information.

Additionally, to the extent plaintiff doubts the "adequacy of defendant's search efforts," in responding to the plaintiff's discovery requests, such doubts are properly redressed by filing a motion to compel while discovery remained open. Fed. R. Civ. Pro. 37.

Plaintiff cannot demonstrate any basis for Mr. Holton's proposed testimony, much less undue hardship if it is deprived of it. Verification of dates and authors of documents is properly established by eliciting testimony from witnesses with personal knowledge of the creation of those documents, not from a paralegal assisting with the defendant's discovery responses. Fed. R. Evid. 602; 901(1).

For the foregoing reasons, defendant respectfully requests that the Court issue an order quashing the subpoena served on Carl Holton, a paralegal employed by the Department of Justice.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

OF COUNSEL:

/s Joan M. Stentiford
JOAN M. STENTIFORD
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Attorneys for Defendant

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 27, 2008

Certificate of Filing

I hereby certify that on this 27th day of June, 2008, a copy of "Defendant's Motion to Quash Plaintiff's Trial Subpoena for Carl Holton. " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford
Joan M. Stentiford