**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SCOTT TIMBER CO., Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-708C (Judge Lettow) |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENA FOR CARL HOLTON</u>**

Defendant has not met its burden of proof that plaintiff's trial subpoena of Carl Holton should be quashed. Defendant's motion attempts to shift the burden to plaintiff to justify its need for Mr. Holton's testimony. However, the burden is on defendant to show either that plaintiff's subpoena failed to allow reasonable time for compliance or subjects Mr. Holton to undue burden (or that other specified conditions, not applicable here, are met). Court of Federal Claims Rule 45(c)(3)(A). Pursuant to a stipulation between the parties, counsel for defendant accepted service of Mr. Holton's subpoena on June 6, 2008, or 24 days prior to the date he is commanded to appear. Mr. Holton works as a paralegal in the Department of Justice building here in Washington, D.C. Thus, Mr. Holton will need to travel just a few blocks from his place of employment to appear before the Court. Additionally, plaintiff expects that Mr. Holton's direct testimony will take approximately one half hour. Under these circumstances, plaintiff's trial subpoena for Mr. Holton's provided ample time for him to comply and does not subject Mr.

Holton to an undue burden. For these reasons alone, the Court should deny defendant's motion to quash.

Additionally, defendant's motion to quash mischaracterizes plaintiff's need for Mr. Holton's testimony.[1] In paragraph 4 of the Court's Final Pre-Trial Order of June 20, 2008, the Court acknowledged that the parties were not aware at the time of the Pre-Trial Conference of any issues related to the authenticity of any proposed trial exhibits and ordered that all documents produced in discovery were presumed to be authentic (except for handwritten notes which require appropriate testimony to establish their authenticity). In light of the Court's Order, plaintiff does not intend to call Mr. Holton merely to authenticate documents. Instead, plaintiff requires Mr. Holton's testimony to establish that the settlement memorandum found in plaintiff's proposed trial exhibit 154 is the best existing evidence of the final version of the memorandum.

Plaintiff's proposed trial exhibit 154 is a memorandum from Edward Boling, lead counsel for defendant in Oregon Natural Resources Council Action et al. v. United States Forest Service ("ONRC Action"), 59 F. Supp. 2d 1085 (W.D. Wash. 1999), to his superior at the Department of Justice, Assistant Attorney General Lois Schiffer, recommending settlement of the ONRC Action litigation. In the memorandum, Mr. Boling makes several admissions regarding the unreasonableness and legal inadequacy of the "NEPA decision equals implemented" and Red Tree Vole Directive. Because defendant's adoption of and reliance upon these two directives proximately caused defendant to breach plaintiff's timber sale contracts, Mr. Boling's

[1]Plaintiff notes that it has no burden to show a substantial need for Mr. Holton's testimony. Such a showing is only required for witnesses traveling more than 100 miles to testify. RCFC 45(c)(3)(A)(ii). As stated above, Mr. Holton needs to travel just a few blocks.

admissions are significant evidence of defendant's breach. However, the version of the memorandum defendant produced to plaintiff during discovery lacks Mr. Boling's signature as well as a settlement approval cover sheet signed by Ms. Schiffer.

At plaintiff's request during discovery, defendant undertook a search of its records to attempt to locate any later version of the memorandum, including a signed version.[2] Defendant's counsel, Ellen Lynch, assigned Mr. Holton to this task. Mr. Holton was unable to find any later version of the settlement memorandum than the one found in plaintiff's proposed trial exhibit 154; Mr. Holton signed a declaration to this effect. Plaintiff and defendant had reached a stipulation regarding the admissibility of Mr. Holton's declaration. However, when the Court was informed of the stipulation at the final pre-trial conference, the Court instructed the parties that it would not accept stipulations in lieu of live testimony. Accordingly, in order for plaintiff to introduce into evidence Mr. Holton's declaration and his anticipated testimony regarding his unsuccessful search for a final version of the settlement memorandum, plaintiff must call Mr. Holton to testify.

Given the importance of the admissions regarding the unreasonableness of defendant's actions found in the memorandum, plaintiff believes that it is appropriate to establish that there

[2] Defendant's motion suggests that the proper course would have been for plaintiff to file a motion to compel for any later versions of the memorandum. The only way that plaintiff filing a motion to compel would have produced a different result is if defendant had withheld from plaintiff other versions of the memorandum because defendant undertook its search by mutual agreement of the parties and not pursuant to a court order. Plaintiff has no reason to believe that Mr. Holton did not undertake a diligent search for later versions of the memorandum.

is, in fact, no other version of the memorandum extant that is in a more final form than the one found in plaintiff's proposed trial exhibit 154.

Defendant has failed to prove that plaintiff's trial subpoena for Mr. Holton did not allow a reasonable time for compliance or subjects Mr. Holton to undue burden. Moreover, Mr. Holton's brief testimony is both relevant and necessary. Accordingly, the Court should deny defendant's motion to quash the trial subpoena of Mr. Holton.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Ruth G. Tiger
Eric J. Pohlner
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: June 28, 2008