**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-708C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENA FOR CARL HOLTON

As stated in our opening motion, the United States, defendant in the above-captioned action moves to quash the trial subpoena issued to Carl Holton because Mr. Holton has no relevant testimony to offer in this case.

As an initial matter, we must correct a misrepresentation made by plaintiff on page 3 of its response motion. The parties have not, at any time, reached an agreement or stipulation regarding Mr. Holton's testimony in this case. Plaintiff requested that the Government stipulate to Mr. Holton's testimony, but no agreement was reached, because plaintiff could not identify any relevant testimony that Mr. Holton could offer.

Plaintiff's response that Mr. Holton will not have to travel far, or testify for long period of time, misses the point. Plaintiff's subpoena is an undue burden on Mr. Holton because it requires him to undertake a useless act. The authority provided in Fed. Civ. R. Pro. 45 to issue and serve subpoenas does not change the evidentiary requirement that testimony offered at trial must be relevant to some issue properly before the Court. Fed. R. Evid. 402. Mr. Holton has no relevant testimony to offer the court.

Plaintiff seeks Mr. Holton's testimony, apparently, to establish that plaintiff's trial exhibit 154 is the final version of the document, titled "Memorandum for Lois Schiffer, Assistant

Attorney General, Environment and Natural Resources Division." Mr. Holton did not prepare the document, nor has he ever been the custodian of the document. Mr. Holton is a paralegal employed by the Commercial Litigation Branch of the United States Department of Justice. He assisted the trial attorney in assembling the Government's response to plaintiff's request for production of documents in Blue Lake Forest Products, Inc. v. United States, Case No. 01-570.[1] As such, he has no personal knowledge of anything in the document, nor any knowledge of the contents of the Government files in which the Memorandum was maintained. Mr. Holton's testimony of the search he made of his files, assembled for purposes of litigation, is not probative of whether it is the final version of the original document.

The only individuals who could provide relevant testimony as to the provenance of plaintiff's trial exhibit 154, are either its apparent author, Ted Boling, or the actual custodian of the document, who has not been identified. Mr. Holton, is neither of these.

For the foregoing reasons, defendant respectfully requests that the Court issue an order quashing the subpoena served on Carl Holton, a paralegal employed by the Department of Justice.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

[1]By prior order of the Court, discovery taken in Blue Lake is to be treated as if it were taken in this case.

OF COUNSEL:

/s Joan M. Stentiford
JOAN M. STENTIFORD
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-7994
Attorneys for Defendant

Marcus R. Wah
Rebecca Harrison
Ben Hartman
Office of the General Counsel
United States Department of Agriculture

June 29, 2008

Certificate of Filing

I hereby certify that on this 29th day of June, 2008, a copy of "Defendant's Reply to Plaintiff's Response to Motion to Quash Plaintiff's Trial Subpoena for Carl Holton. " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joan M. Stentiford
Joan M. Stentiford