# In the United States Court of Federal Claims

No. 05-708C

(Filed: July 1, 2010)

| | |
|---|---|
| _____<br><br>**SCOTT TIMBER, INC.,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES,**<br><br>      **Defendant.**<br>_____ | *In limine* motions to preclude testimony of fact witnesses and expert testimony of a witness; supplementation of discovery responses; applicability of Appendix A, ¶ 13(b), of the court's rules; belated notice of proposed expert testimony under RCFC 26(a)(2)(C)(i); absence of prejudice or harm |

   Alan I. Saltman, Saltman & Stevens, P.C., Washington, D.C., for plaintiff.  With him on the briefs were Ruth G. Tiger and Aron C. Beezley, Saltman & Stevens, P.C., Washington, D.C.

   Joan Stentiford Swyers, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Tony West, Assistant Attorney General, Civil Division, Jeanne E. Davidson, Director, Bryant G. Snee, Deputy Director, and Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

   Liability having already been established in this timber-sale contracts case, *see Scott Timber, Inc. v. United States*, 86 Fed. Cl. 102 (2009), a trial on damages is scheduled to commence August 16, 2010.  However, motions *in limine* filed by the government regarding plaintiff's lay and expert witnesses require immediate attention.  The government seeks to preclude testimony at trial of eight of plaintiff's proposed fact witnesses and to preclude expert testimony from another of plaintiff's proposed witnesses who would testify both as a fact witness and as an expert.  After expedited briefing and a hearing held on June 25, 2010, the motions are ready for disposition.

## ANALYSIS

### I.  MOTION TO PRECLUDE EIGHT FACT WITNESSES

The government seeks to preclude plaintiff ("Scott Timber") from calling at trial eight witnesses who were identified by Scott Timber at the pre-trial meeting of counsel held on June 4, 2010, pursuant to Paragraph 13 of Appendix A of the Rules of the Court of Federal Claims ("RCFC").[1]  *See* Def.'s Mot. to Preclude Previously Undisclosed Witnesses at 1 ("Def.'s Mot. to Preclude Fact Witnesses").  The government's motion is premised upon Scott Timber's alleged failure timely to supplement a prior discovery response.

On August 18, 2009, in response to an interrogatory propounded by the government, Scott Timber stated that it had identified only two fact witnesses who would be called to testify at trial, Mr. Allyn C. Ford and Mr. Robert A. Ness.  Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Preclude Fact Witnesses ("Def.'s Reply") at Attach. 1, Pl.'s Resp. to Interrog. No. 1 (Pl.'s Objections and Resps. to Def.'s First Set of Interrogs.) (stating that although it "ha[d] not decided who it will call as a witness in this case," Scott Timber presently anticipated calling Messrs. Ford and Ness).  Prior to the pre-trial meeting of counsel, Scott Timber had not supplemented its response to the government's interrogatories.  At the meeting of counsel, however, Scott Timber provided the government with a preliminary witness list that included Messrs. Ford and Ness and an additional twelve witnesses.  *See* Def.'s Mot. to Preclude Fact Witnesses at Ex. B (Pl.'s Preliminary Witness List).  The government makes no objection to four of the twelve additional witnesses on Scott Timber's preliminary witness list because "[t]he [g]overnment had prior knowledge of four of the 12 additional witnesses," *id*. at 2, but the government does object to the remaining eight such witnesses.

---

[1]RCFC Appendix A, ¶ 13 provides in pertinent part:

   13.  Meeting of Counsel.  For cases to be resolved by trial, *counsel for the parties shall meet no later than 63 days before the pretrial conference and accomplish the following:*

      . . .

      (b) Witnesses.  *Exchange a list of names*, addresses, and telephone numbers *of witnesses, including expert witnesses, who may be called at trial* for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment.  Failure of a party to list a witness shall result in the exclusion of the witness's testimony at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure.  *Any witness whose identity has not been previously disclosed shall be subject to discovery.*  As to each witness, the party shall indicate the specific topics to be addressed in the expected testimony.

(Emphasis added.)

The government argues that preclusion of testimony by these eight witnesses is justified because Scott Timber failed to comply with discovery rules regarding supplementation of discovery responses. Def.'s Mot. to Preclude Fact Witnesses at 2-4 (relying on RCFC 26(e)(1)(A) and RCFC 37(c)). RCFC 26(e)(1)(A) requires a party who has responded to an interrogatory to "supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." RCFC 37(c)(1) provides that a party who "fails to provide information or identify a witness as required by RCFC 26(a) or (e), . . . is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." The government argues that Scott Timber's disclosure of the eight witnesses at the meeting of counsel was not timely, and that their testimony should be disallowed because the failure to supplement the interrogatory responses was neither substantially justified nor harmless. Def.'s Mot. to Preclude Fact Witnesses at 2-4. Specifically, the government objects to the large number of additional witnesses, which it asserts would require the government "to spend a significant portion of the roughly two months remaining before trial traveling to Oregon and Michigan for . . . depositions." *Id*. at 4; *see also* Hr'g Tr. 8:16-20 ("[I]f it were one or two individuals I don't think we'd be here, but eight people seems excessive.").

In opposition, Scott Timber contends that each of the eight witnesses was listed in timely fashion as required by RCFC Appendix A, ¶ 13(b), on their preliminary "may call" list, that this timely listing constitutes a *de facto* amendment of their prior interrogatory response, and that the government in all events had prior knowledge of three of the eight witnesses. Pl.'s Opp'n to Def.'s Mot. to Preclude Fact Witnesses at 1-4.[2] Further, Scott Timber argues that Appendix A provides the appropriate remedy to cure any prior lack of disclosure that a party might suffer by providing that "[a]ny witness whose identity has not been previously disclosed shall be subject to discovery." *Id*. at 4 (quoting RCFC Appendix A, ¶ 13(b) (third sentence)).

---

[2]The three listed witnesses respecting which the government is said to have had prior knowledge are Ivan Erickson, Ray Jones, and Steve Reister. Hr'g Tr. 20:21 to 22:13. Ivan Erickson was identified in Scott Timber's August 18, 2009 response to interrogatories, *see* Pl.'s Opp'n to Def.'s Mot. to Preclude Fact Witnesses at Ex. 1 (Pl.'s Resp. to Interrog. No. 22) (listing Mr. Erickson as a former employee of Roseburg Forest Products Company, an affiliate of Scott Timber, who was involved in determining the price to bid, approving the bid price, or otherwise securing the timber contracts at issue), as well as in the depositions of Allyn Ford and Michael Wildey. *See id*. at Ex. 2, 14:9 to 16:2 (Dep. of Allyn Ford (Jan. 14, 2010)); *id*. at Ex. 3, 102:14-20, 105:9-25, 112:4 to 113:14 (Dep. of Michael Wildey (Jan. 25, 2010)). Ray Jones, formerly Vice President of both Scott Timber and Roseburg Forest Products, signed many of the contract modifications to the contracts at issue in this case, and periodically communicated with representatives of the U.S. Forest Service about the contracts. *See id*. at 1-2, Ex. 4 (Scott Timber Sales Contracts). Steve Reister was identified as the author of a document produced to the government as part of a discovery response. *Id*. at Ex. 5 (identifying Steve Reister as manager for Plywood Sales, Roseburg Forest Products).

It is undisputed that Scott Timber did not formally supplement its interrogatory responses with the newly named potential witnesses. However, the additional potential witnesses were "otherwise . . . made known to the [government] . . . in writing" by way of Scott Timber's preliminary witness list provided to the government at the meeting of counsel. RCFC 26(e)(1)(A). Supplementation of Scott Timber's prior discovery response thus was effectively accomplished. The government's chief concern appears to be timeliness of the disclosure even though Scott's listing occurred within the time prescribed by Appendix A, ¶ 13. In contesting timeliness, the government relies upon *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344 (Fed. Cir. 2005). *See* Def.'s Mot. to Preclude Fact Witnesses at 3. In *MicroStrategy*, the Federal Circuit upheld a trial court's determination barring a plaintiff from presenting a damages theory that it had waited until trial to put forward, having failed to supplement a discovery interrogatory that asked the plaintiff to set out the damages theories it intended to present. *MicroStrategy*, 429 F.3d at 1356-58 (commenting that the plaintiff's new theories surprised the defendant "on the eve of trial and prejudiced any response," which surprise could not be cured "without postponing trial and reopening discovery"). In contrast to *MicroStrategy*, however, which addressed a disclosure not made until trial, the instant dispute arises with events that occurred seven weeks before the scheduled pre-trial conference, which conference itself is set to occur 10 days before trial. The dispute here consequently is relatively far removed from trial and focuses instead on the requirements for the early meeting of counsel found in RCFC Appendix A, ¶ 13.

Significantly, decisions in both *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91 (2004), and *Jade Trading, LLC v. United States*, 67 Fed. Cl. 608 (2005), turned on compliance *vel non* with Appendix A, ¶ 13. In *Globe*, the court refused to preclude the testimony of two witnesses who had been timely listed pursuant to RCFC Appendix A, ¶ 13(b), but who had not previously been identified as having discoverable information under RCFC 26(b)(1)(A). 61 Fed. Cl. at 100-01. In *Jade Trading*, the government put forward exhibits constituting summaries of voluminous data, but the summaries were excluded on the ground that the government had "failed to comply with Fed. R. Evid. 1006 and RCFC Appendix A, ¶ 13[(a)], [requiring parties to exchange exhibit lists at the meeting of counsel and to identify the sources for any summary exhibits]." 67 Fed. Cl. at 615. By comparison, in *CCA Associates v. United States*, 87 Fed. Cl. 715, 717-21 (2009), this court rejected an *in limine* motion to preclude the government from calling two witnesses disclosed for the first time on its *final* witness list approximately three weeks before trial. Those witnesses had not been disclosed to the plaintiff at the meeting of counsel as required by RCFC Appendix A, ¶ 13. *Id*. at 717. The court ruled as it did, allowing the witnesses to testify notwithstanding the failure to comply with Appendix A, ¶ 13, because the general topic of the newly listed witnesses' testimony had already been covered at a prior trial in the case and therefore the plaintiff would not be unduly prejudiced by the belated addition. *Id*. at 720.

Each of the decisions cited above weighs against granting the government's witness-preclusion request. Scott Timber's disclosure of additional witnesses occurred on time at the pre-trial early meeting of counsel, and discovery of these new witnesses remains open to the

government. Indeed, had the government not requested the identity of potential witnesses in an interrogatory, Scott Timber's disclosure of witnesses at the meeting of counsel most likely would not have been questioned in any respect. As the government concedes, the prejudice of the supposedly belated disclosure is confined solely to the sheer number of additional witnesses. Hr'g Tr. 8:16-20, 14:7-21. However, any prejudice is minimal. Scott Timber has withdrawn three of the witnesses,[3] and another three of the witnesses had previously been made known to the government through other means of discovery. Finally, as was addressed at the hearing, the scope of proposed testimony to be covered by the listed witnesses does not raise any new or unfamiliar issues. *See* Hr'g Tr. 34:25 to 35:8 (government counsel's concession that topics to be addressed by additional witnesses have been at issue from the outset and do not constitute new areas of inquiry); *see CCA Associates*, 87 Fed. Cl. at 720 (denying motion to preclude new witnesses because topic of testimony of witnesses had already been covered at prior trial).

Although Scott Timber omitted to supplement its responses to interrogatories in a formal way, its listing of the challenged witnesses at the meeting of counsel as required by RCFC Appendix A, ¶ 13, constitutes the crucial, governing disclosure. RCFC 26(e)(1)(A) does not override RCFC Appendix A, ¶ 13(b), and thus does not require a result at variance with that paragraph of the Appendix. Because the disclosure complied with RCFC Appendix A, ¶ 13(b), there was not any violation of RCFC 26(e)(1)(A), and, in all events, the government has not been prejudiced by the disclosure Scott Timber made. The government's motion to preclude these witnesses' testimony is accordingly denied. The newly listed witnesses, including the three that Scott Timber has now withdrawn, may be deposed by the government prior to trial. *See* RCFC Appendix A, ¶ 13(b).

## II. MOTION TO PRECLUDE EXPERT TESTIMONY

The government seeks to preclude Scott Timber from calling Michael L. Wildey as an expert witness at trial. *See* Def.'s Mot. to Preclude Pl.'s Expert ("Def.'s Mot. to Preclude Expert"). Scott Timber had timely listed Mr. Wildey as a fact witness, but the government contends that Scott Timber was late in listing him also as an expert witness. *Id*. at 3 (relying on RCFC 26(a)(2)(C)(i)). The pertinent rule provides that "[a]bsent a stipulation or a court order" to the contrary, RCFC 26(a)(2)(C), a party must disclose the identity of a witness it may use at trial to present expert testimony and provide a written report of "all opinions the witness will express and the basis and reasons for them," RCFC 26(a)(2)(B)(i), "at least 70 days before the scheduled close of discovery." RCFC 26(a)(2)(C)(i).

---

[3]At the hearing, Scott Timber advised that three of the eight witnesses, Jim Dudley, Paul Erickson, and Herb Nash, were listed purely as a precautionary step to be potentially available to address topics that Scott Timber had planned would be covered by other witnesses. Hr'g Tr. 28:14 to 29:11. Scott Timber agreed to withdraw those witnesses from its preliminary list, *id*., but has advised that the government may depose them if it wishes. Hr'g Tr. 30:20 to 31:2.

On August 18, 2009, in response to an interrogatory from the government, Scott Timber initially disclosed Mr. Robert A. Ness as its anticipated expert witness. Pl.'s Opp'n to Def.'s Mot. to Preclude Pl.'s Expert and Cross-Mot. ("Pl.'s Opp'n to Def.'s Mot. to Preclude Expert") at Ex. 5 (Pl.'s Objections and Resps. to Def.'s First Set of Interrogs.), Interrog. No. 1; *see also id.* at 3. And, in January 2010, Scott Timber made Mr. Wildey available to the government for deposition as a fact witness testifying for the company pursuant to RCFC 30(b)(6), but it did not then indicate that he might also testify as an expert. *Id.* at 4. Scott Timber avers that it was not until April of 2010 that it had decided to use Mr. Wildey as an expert, *see* Hr'g Tr. 42:19-23, and it communicated that decision to defendant on April 14, 2010 by submitting to the government an expert report prepared by Mr. Wildey in addition to one prepared by Mr. Ness. *See* Def.'s Mot. to Preclude Expert at 3; Hr'g Tr. 36:1-8, 37:20-24; *see also* Pl.'s Opp'n to Def.'s Mot. to Preclude Expert at 3. Scott Timber maintains that Mr. Wildey's testimony as an expert became necessary when its initially disclosed expert, Mr. Ness, continued to suffer personal difficulties that inhibited his ability to provide a complete expert analysis and report. Pl.'s Opp'n to Def.'s Mot. to Preclude Expert at 3.[4]

The government contends, and Scott Timber concedes, that Scott Timber did not disclose Mr. Wildey as an expert witness until April 14, 2010, 52 days prior to the close of discovery, when Scott Timber provided the government with its expert reports. Pl.'s Opp'n to Def.'s Mot. to Preclude Expert at 3. This disclosure was 18 days late under RCFC 26(a)(2)(C)(i), which requires disclosure at least 70 days in advance of the scheduled close of discovery. The government notes that the penalty for not adhering to this rule is provided by RCFC 37(c)(1), which states that "[a] party [that] fails to provide information or identify a witness as required by RCFC 26(a) or 26(e), is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless."

As a general matter, courts applying the counterparts to these rules in the Federal Rules of Civil Procedure[5] have held that the sanction of exclusion is mandatory under Fed. R. Civ. P.

---

[4]Counsel for Scott Timber explained that Mr. Ness prepared an "actual" analysis of costs and revenues realized by Scott Timber as a result of Scott Timber's completion of the breached timber-sale contracts, Hr'g Tr. 43:16-18, but Mr. Wildey prepared the "but for" analysis of what would have occurred and been realized by Scott Timber had the contracts been completed without any breach. Hr'g Tr. 44:3-4. Scott Timber's counsel represented that both Mr. Ness and Mr. Wildey used the same basic methodology in preparing their analyses. Hr'g Tr. 44:14-15.

[5]RCFC 26(a)(2) and RCFC 37(c)(1) are comparable to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1), with a notable exception. RCFC 26(a)(2)(C)(i) requires the disclosure of expert witnesses "at least 70 days before the scheduled close of *discovery*," (emphasis added), while Fed. R. Civ. P. 26(a)(2)(C)(i) requires the disclosure to be made "at least 90 days before the date set for *trial* or for the case to be ready for trial." (Emphasis added.) This difference reflects the fact that RCFC Appendix A provides a generally applicable roadmap for discovery and pre-trial preparatory steps, serving in effect as a scheduling guide that addresses the topics covered by Fed. R. Civ. P. 16. Thus, this court's rule regarding scheduling and case manage-

37(c)(1) unless the offending party can show that its violation of Fed. R. Civ. P. 26(a) was either justified or harmless. *See, e.g.*, *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 276 (1st Cir. 2006) ("the baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'") (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001)). Nonetheless, "preclusion is not strictly a mechanical exercise; [trial] courts have some discretion in deciding whether or not to impose that onerous sanction." *Id.* (citing *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990)).[6] In this respect, the burden is on the offending party to show that its violation was either justified or harmless. *See Wilson v. Bradlee of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999); *Salgado*, 150 F.3d at 741-42. In deciding whether the offending party's violation was either justified or harmless within the meaning of Fed. R. Civ. P. 37(c)(1), courts have looked to an array of factors, including (1) the surprise to the party against whom the witness was to have testified, (2) the ability of that party to cure that surprise, (3) the extent to which allowing the testimony would disrupt the trial, (4) the explanation for the late disclosure, and (5) the proponent's need for the challenged testimony. *See Westefer*, 422 F.3d at 584; *Macauley v. Anas*, 321 F.3d 45, 51 (1st. Cir. 2003); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *see also Banks v. United States*, 75 Fed. Cl. 294, 298 (2007) (listing comparable tests expressed by several courts of appeals).

---

ment, RCFC 16, contains cross references to RCFC Appendix A. *See* RCFC 16(b)(1)(A), (3)(B)(vi).

The difference in the baseline references in RCFC 26(a)(2)(C)(i) and Fed. R. Civ. P. 26(a)(2)(C)(i) can be significant. As the circumstances of this case illustrate, this court's version can require somewhat earlier disclosure of the identify and reports of experts than the corresponding federal rule. *See infra*, at 8. The divergence in reference dates for this court's rule from that of the much more broadly applicable rule in the Federal Rules of Civil Procedure can constitute a trap to ensnare an unwary counsel, who might assume familiarity with this court's rules based upon experience with the Federal Rules of Civil Procedure.

[6]Notably, the plain language of RCFC 37(c)(1), like that of its counterpart, Fed. R. Civ. P. 37(c)(1), also provides the court with discretion to impose other, less drastic sanctions:
> In addition to or instead of this sanction, the court, on motion and after
> giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including
>> attorney's fees, caused by the failure;
>> . . .; and
>> (C) may impose other appropriate sanctions, including any of
>> the orders listed in RCFC 37(b)(2)(A)(i)-(vi).

RCFC 37(c)(1). *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006); *but see Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) ("[T]here is no sliding scale of sanctions under Rule 37. In the Rule 26(a) context, we have noted that 'the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

This court's decision in *CCA Associates*, 87 Fed. Cl. 715, sheds light on applying this test to decide when late-disclosed expert testimony should be precluded. In *CCA Associates*, the court also addressed a situation in which a person had been listed as a fact witness, but the proffering party, in that case the government, later sought also to adduce expert testimony from the witness. *Id*. at 720. However, in *CCA Associates*, the change in designation of the witness also to testify as an expert occurred just three weeks prior to trial, when the government submitted its final witness list. *Id*. In addition, in the initial listing of witnesses that had occurred at the pre-trial early meeting of counsel, the government had not only listed the relevant person only as a fact witness but had then affirmatively represented that the person would *not* be testifying also as an expert. *Id*. The court concluded that the government's late-disclosed expert could not testify because the government (1) failed to show substantial need, and (2) breached its prior representation that it would not call the witness in question as an expert. *Id*. ("[B]oth for lacking a showing of need and for contravening its earlier representation, [the belatedly-disclosed witness]'s proposed expert testimony will be excluded."). The court in *CCA Associates* also placed significant weight on the fact that very little time remained before the start of trial. *Id*. ("Moreover, the government does not controvert that at the meeting of counsel, its counsel affirmatively represented that Mr. Malek would provide testimony only with respect to the admissibility and authenticity of private-placement memoranda issued with relation to certain other low-income housing projects. For the government now to contravene that representation … on June 29, 2009, with trial scheduled to commence on July 20, 2009, three weeks later, cannot be acceptable.").

The case at hand differs from *CCA Associates* in several crucial ways. First, missing a deadline by 18 days to disclose Mr. Wildey's designation as an expert witness as well as a fact witness is certainly not desirable. However, the belated designation nonetheless occurred 124 days in advance of the scheduled commencement of trial. Thus, the designation and disclosure would have been timely – indeed, more than a month earlier than required – under Fed. R. Civ. P. 26(a)(2)(C)(i), although it was several weeks late under RCFC 26(a)(2)(C)(i). The timing of Scott Timber's disclosure thus was not egregiously late. By contrast, in *CCA Associates*, the government listed an expert to testify and submitted his expert report with only three weeks remaining before trial, and in doing so also contravened an explicit prior representation of counsel, which combination of factors exposed opposing counsel to considerable prejudice. In this instance, however, the government has had sufficient time since the belated disclosure to cause its expert to prepare a response to Mr. Wildey's report, and it completed deposing Mr. Wildey more than two months prior to trial. Hr'g Tr. 39:3-13.

Second, Mr. Wildey's projected expert opinion and testimony introduce no new topics or methodology to the case. In essence, as described earlier, Mr. Ness and Mr. Wildey are splitting Scott Timber's damages analyses into two halves, an actual case and a but-for case. Consequently, there can be no claim of surprise or of an unanticipated change in plaintiff's approach to damages. Although the government cites the difficulty in merging two separate expert reports into one as evidence of prejudice, Hr'g Tr. 39:16-24 ("[T]he prejudice is just in this case that our expert was forced to respond to two separate reports. . . . [I]t's just a very

unusual situation with two separate expert reports and having to merge them instead of that being done by the [p]laintiff."), it does not aver that the addition of Mr. Wildey as an expert witness has prevented or even hindered it in any way from completing the necessary preparations for trial. Given the circumstance that the government will not be prejudiced as a result of Mr. Wildey's designation as an expert, the government has shown at most a technical violation of RCFC 26(a)(2)(C)(i), with no accompanying harm.  Because RCFC 37(c)(1) contemplates that the appropriate remedy for late disclosure of expert testimony is preclusion of such testimony unless the late-disclosure is substantially justified or the result is harmless, and because no harm has been shown, the government's motion to preclude Mr. Wildey as a projected expert witness is unavailing.

## CONCLUSION

For the reasons stated, the government's motion to preclude Scott Timber from calling eight fact witnesses is DENIED, and its motion to exclude the expert testimony of Mr. Wildey is also DENIED.

IT IS SO ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge