# In the United States Court of Federal Claims

No. 05-708C

(Filed: July 28, 2010)

```
* * * * * * * * * * * * * * * * * * * * * * * * )
                                               )   Testimony via videoconferencing; RCFC 43(a);
SCOTT TIMBER, INC.,                            )   appropriate safeguards
                                               )
                          Plaintiff,           )
        v.                                     )
                                               )
UNITED STATES,                                 )
                                               )
                          Defendant.           )
                                               )
* * * * * * * * * * * * * * * * * * * * * * * *
```

Alan I. Saltman, Saltman & Stevens, P.C., Washington, D.C., for plaintiff.  Of counsel were Ruth G. Tiger and Aron C. Beezley, Saltman & Stevens, P.C., Washington, D.C.

Joan Stentiford Swyers, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

This court has nationwide jurisdiction.  *See* 28 U.S.C. § 2505 ("Any judge of the United States Court of Federal Claims may sit at any place within the United States to take evidence and enter judgment."); Rule 45 of the Rules of the Court of Federal Claims ("RCFC") Rules Committee Note, 2002 revision ("RCFC 45 conforms to F[ed.] R. C[iv.] P. 45 to the extent feasible given the court's nationwide jurisdiction.").  A concomitant aspect of that jurisdiction is the power to issue a subpoena requiring a witness to appear and testify at a trial to be held more, and in some instances considerably more, than 100 miles from the witness' residence.  Nonetheless, significant constraints apply to the exercise of this power.  *See* RCFC 45(c)(3), discussed *infra*, at 2 n.2.  Plaintiff ("Scott Timber") sought to invoke the court's subpoena power to obtain an order authorizing a trial subpoena for Ms. Brenda Woodard, a retired official with the United States Forest Service, commanding her to travel from her home in Drain, Oregon, to

Washington, D.C., and to appear and give testimony at a trial scheduled to begin on August 16, 2010. The government responded to Scott Timber's motion by opposing the requested subpoena but offering to have Ms. Woodard appear at the Roseburg, Oregon, field office of the Forest Service and to testify by videoconference. That office is within 100 miles of Ms. Woodard's residence. In reply, Scott Timber has modified its request for a subpoena, accepting the government's suggestion that Ms. Woodard testify by videoconference but requesting that no one other than Ms. Woodard be present in the room during her testimony.

## ANALYSIS

RCFC 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."[1] "The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992). This Rule reflects a traditional preference for the testifying witness's physical presence at trial. *See* 8 James Wm. Moore, et al., *Moore's Federal Practice* § 43.02[2] (3d ed. 2009). Against this background, a modification to Rule 43(a) was adopted in 1996 to accommodate modern means of communication, allowing the court to "permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." RCFC 43(a) (second sentence). The use of such contemporaneous transmission in lieu of live testimony is "expressly reserved to the sound discretion of the trial court." *Air Turbine Tech. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005). The Advisory Committee notes to Fed. R. Civ. P. 43 indicate that good cause and compelling circumstances are established with "relative ease" where the parties have agreed upon the transmission of testimony. Fed. R. Civ. P. 43(a) advisory committee note (1996 amend.). As noted earlier, the parties have reached such an agreement here. The significant geographical distance between Oregon and Washington, D.C., represents a "compelling circumstance" justifying the use of contemporaneous transmission.[2] Moreover, the

---

[1]RCFC 43(a) is identical to Fed. R. Civ. P. 43(a), and decisions relating to that rule are instructive in applying this court's rule.

[2]Instructively, where a non-party witness would have to travel more than 100 miles to testify at trial, RCFC 45(c)(3)(A)(ii) states that the issuing court "on timely motion" "*must* quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place." (Emphasis added.) As a retired former official of the Forest Service, *see Scott Timber, Inc. v. United States*, 86 Fed. Cl. 102, 104 (2009), Ms. Woodard qualifies as a person covered by this Rule. And, this court "on motion" *may* quash or modify a subpoena if it requires "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." RCFC 45(c)(3)(B)(iii). That

use of videoconferencing technology for Ms. Woodard's testimony will not have a significantly adverse effect on Scott Timber's ability to examine or cross-examine Ms. Woodard (she is listed as a witness for both parties) or the court's ability to make credibility determinations, and it will spare Ms. Woodard the serious inconvenience that she would incur in traveling from Oregon to Washington, D.C., to testify. *See, e.g.*, *Federal Trade Comm'n v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 1-2 (D.D.C. 2000) (finding good cause for testimony by contemporaneous transmission where a witness would otherwise have to travel from Oklahoma to Washington, D.C., for trial, and concluding that no party would be prejudiced because the witness "will testify through live video in open court, under oath," the opposing party "will have the opportunity to cross-examine the witness," and the court "will have ample opportunity to assess the credibility of [the witness]").[3]  Among other things, Ms. Woodard previously appeared in person to testify at the trial of the liability phase of this case, held in Portland, Oregon, and the court and the parties then had ample opportunity to evaluate her demeanor on the stand.  Her further testimony by videoconferencing consequently will be linked with, and correlated to, that previously established foundation for her credibility as a witness.[4]

---

the court would be obliged under RCFC 45(c)(3)(A)(ii), or allowed under RCFC 45(c)(3)(B)(iii), to quash or modify a trial subpoena for an individual in Ms. Woodard's situation is evidence of a compelling circumstance.

[3]Notably, the Fed. R. Civ. P. 43 Advisory Committee note to the 1996 amendments indicates that "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."  That commentary has persuasive force, but it does not preclude considering the inconvenience of traveling across the country to testify, as in this case.
   RCFC 45(c)(3)(C)(ii) would allow the court to ameliorate the financial consequences of cross-country travel by conditioning a trial subpoena for Ms. Woodard on a requirement that Scott Timber provide "reasonable compensat[ion]" for Ms. Woodard's travel expenses.

[4]An alternative to receiving Ms. Woodard's testimony via videoconferencing would be to read into the trial record testimony provided by Ms. Woodard in a deposition.  However, absent a stipulation, recourse to that procedural means of adducing testimony may well not be feasible.  Ms. Woodard would not necessarily be "unavailable" within the meaning of RCFC 32(a)(4)(B) which allows a party to use the deposition of any witness for any purpose if the witness is unavailable in the sense that "the witness is *outside the United States*, unless it appears that the witness's absence was procured by the party offering the deposition."  (Emphasis added.)  In this respect, RCFC 32(a)(4)(B) differs from Fed. R. Civ. P. 32(a)(4)(B), because the Federal Rule of Civil Procedure applies where "the witness is *more than 100 miles from the place of hearing or trial or* is outside the United States."  The variance in this court's rule from its counterpart in the Federal Rules of Civil Procedure takes account of this court's nationwide jurisdiction.  *See* RCFC 32, Rules Committee Note, 2010 amend. ("RCFC 32(a)(4) has been amended to more closely parallel its F[ed.] R. C[iv.] P. counterpart, except that the provision in subparagraph (a)(4)(B) allowing the use of deposition testimony where the witness is more than 100 miles from the place of trial has been stricken to reinforce the court's clear preference for live testimony,

RCFC 43(a) requires "appropriate safeguards" to be used to ensure the integrity of testimony given by contemporaneous transmission from a remote location.  The Advisory Committee notes to Fed. R. Civ. P. 43 emphasize that "[s]afeguards must be adopted that . . . protect against influence by persons present with the witness."  Fed. R. Civ. P. 43 advisory committee note (1996 amend.).  The ability of the fact finder to see and hear the witness is an essential safeguard in this regard.  *See, e.g., Thornton v. Snyder*, 428 F.3d 690, 698-99 (7th Cir. 2005).  Correlatively, Scott Timber's request that no one other than Ms. Woodard be present during her testimony would, if adopted, provide further protection against any outside influence that could prejudice Ms. Woodard's answers.  So long as Ms. Woodard is provided in advance with all the documentary exhibits that might be needed during her testimony, she should not require the assistance of any person during her testimony, and Scott Timber's request constitutes a reasonable safeguard appropriate for the circumstances.

## CONCLUSION

Good cause having been shown, Scott Timber's modified motion is GRANTED.  A trial subpoena shall be issued for Ms. Woodard to testify during the trial through videoconferencing.  *See* RCFC 43(a); RCFC 45(c)(3)(B)(iii).  The transmission will originate from the field office of the United States Forest Service located in Roseburg, Oregon.  As a safeguard, no one other than Ms. Woodard shall be present in the room during her testimony, to avoid any possible prejudice arising from the presence of a representative of one party and not the other during the transmission.  In addition, before the videoconference begins at the Roseburg office, Ms. Woodard must be provided with copies of all exhibits that will be needed in connection with direct and cross examination during her testimony.

It is so ORDERED.


s/ Charles F. Lettow
Charles F. Lettow
Judge

---

particularly given the availability of video and telephone conferencing.")
    In short, the court has expressed an explicit preference for a witness' testimony to be received "live" via videoconferencing, rather than having to be accepted in the form of deposition testimony read into the trial record.